THE STATE v. RICHARD KREBS, Appellant.—106 S. W. (2d) 428.

Division Two, June 21, 1937.

*William F. Sindel* and *Louis Hudson* for appellant.

*Roy McKittrick*, Attorney General, *Olliver W. Nolen*, Assistant Attorney General, and *Arthur O'Keefe* for respondent.

TIPTON, J.—In the Circuit Court of the City of St. Louis the appellant was convicted of the crime of robbery in the first degree by means of a dangerous and deadly weapon and his punishment assessed at twenty years in the State penitentiary. From the judgment and sentence of that court, he has duly appealed to this court.

On July 28, 1932, the garage of the Sadlo-Faber Motor Company was robbed by two men. C. D. Sherwood, who was the night watchman in charge of the garage, was forced, on that night, to go into the office of the company by these two men and was tied to a chair by one of them while the other held a gun on him. The robbers stole a new Pontiac coupe and an Oldsmobile sedan, and twenty-eight dollars in cash. On September 21, 1932, the appellant was arrested by two members of the police force of University City and later identified as one of the robbers.

In his brief, the appellant makes two assignments of error: (1) That the court erred in permitting the arresting officer to testify to the fact that when the appellant was arrested they found on or near him a revolver and a Winchester rifle; and (2) that on cross-examination he was forced to admit that he had previously been convicted of a felony.

In regard to the first assignment of error, the record does not disclose that a Winchester rifle was used during the robbery; nor does the evidence show that the revolver used during the robbery was the same as the one found on the appellant at the time he was arrested, or in any way resembled the one used during the robbery. We have ruled that if the weapon found on the defendant at the time of arrest was the one used during the commission of the crime, or similar to it, then that fact would be competent, as the following cases disclose: State v. McKeever, 339 Mo. 1066, 101 S. W. (2d) 22; State v. McGee, 336 Mo. 1082, 83 S. W. (2d) 98; State v. Hart, 309 Mo. 77, 274 S. W. 385; State v. Mangercino, 325 Mo. 794, 30 S. W. (2d) 763; State v. Ball, 321 Mo. 1171, 14 S. W. (2d) 638.

The general rule is that evidence of other crimes, independent of that for which the defendant is on trial, is inadmissible. [16 C. J. 586-587.]

"The general rule does not apply where the evidence of another crime tends directly to prove guilt of the crime charged. Evidence which is relevant is not rendered inadmissible because it tends to

*prove him guilty of some crime."* (Italics ours.) [State v. Flores, 332 Mo. 74, 55 S. W. (2d) 953.]

In the case of State v. Kehr, 133 Iowa, 35, 110 N. W. 149, l. c. 150, the Iowa Supreme Court said:

"When the defendant was arrested, about two months after the crime was committed, he had in his possession a revolver, and the court permitted the State to show this fact and to put the revolver in evidence. While it was shown that the burglar had a revolver when in the house, and that a bullet fired therefrom was afterwards found, there was no evidence tending to show that the bullet fitted the revolver found in the defendant's possession, or otherwise identifying it as the one used by the burglar, and we are inclined to the view that the evidence complained of should not have been received. The fact alone that the defendant had a revolver in his possession two months afterward would not necessarily tend to connect him with the crime (State v. Arthur, 129 Iowa, 235, 105 N. W. 422), and it was clearly not admissible as a part of the history of the case."

In the case at bar, the crime was committed July 28, 1932, and the appellant was arrested September 21, 1932. Almost two months elapsed between the date of the crime and the arrest of the appellant. As previously stated, there was no showing that the weapons found on the appellant at the time of the arrest were used during the robbery or that they were similar to the ones used. Under these circumstances, the fact that the appellant had a revolver and a Winchester rifle at the time of his arrest is of no probative value in connecting him with the robbery.

The appellant's second assignment of error is without merit. He testified in his own behalf; a convict witness's credibility may be attacked by proof of prior convictions by his own cross-examination. [Sec. 1752, R. S. 1929.] His reputation is attacked as a witness and not as the defendant. [Sec. 3692, R. S. 1929; State v. Scott, 332 Mo. 255, 58 S. W. (2d) 275.] We ruled this exact point against the appellant's contention in the case of State v. Jackson, 336 Mo. 1069, 83 S. W. (2d) 87.

For the error in admission of evidence, this cause should be reversed and remanded for a new trial. It is so ordered. All concur.