STATE of Missouri, Respondent,

v.

Robert Lee MYRICK, Appellant.

No. 56545.

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director of counsel.

SEILER, Judge.

Defendant was convicted of second-degree murder by the jury, which could not agree upon punishment, and was by the court sentenced to twelve years' imprisonment.

On January 17, 1970, Mildred Lewis, while in her apartment, was shot and fatally wounded. In the ensuing investigation, the police learned that defendant was seen leaving her apartment with a gun a few minutes after the shooting. The next day, the police answered an apparently unrelated call at a different apartment house in the same neighborhood and arrested a man (defendant) under circumstances related below. He was searched and found carrying the pistol which, according to the firearms identification evidence, was the gun which killed Mrs. Lewis.

The only point presented on appeal is that the trial court erred ". . . in permitting the state to prove that appellant was arrested for robbery, a crime for which he was not on trial".[1]

The state put on as witnesses the two officers who made the arrest. On direct examination the first officer was asked, "At the time Mr. Myrick was arrested, he wasn't arrested for assaulting Mrs. Lewis, was he?", to which the officer answered, "To be honest with you, I don't recall". There was no objection to this question and answer,

but there was an earlier objection, overruled, to any testimony about the circumstances of the arrest, on the ground it involved a different charge not connected with the charge under trial. The officer described in detail the circumstances of the arrest: he and his fellow officer answered a call to an apartment (speaking of the day after the Lewis shooting), talked to four people there, looked around, and asked the man who answered the door if he were being held against his will. As they started to leave, the officers were asked to and did escort the man out of the building, gave him a seat in the police car, and then returned to the apartment. This time the other people who had been in the apartment were running down the hall and refused to halt. The police re-entered the apartment, saw someone was hiding in the closet, and ordered him to come out. Getting no response, the police threw a gas grenade in the closet and in a few minutes, defendant came out, was arrested, searched, and taken into custody. The first officer testified he had a police photo of defendant in his pocket, having received it at station roll call earlier in the day.

The other officer was not questioned on direct as to what defendant was arrested for, nor did he go into the circumstances preceding the arrest. On cross-examination, defense counsel examined as follows:

"Q  Did you arrest him for the assault of Mildred Lewis or was it something else?

A  He was arrested on the charge of assaulting Mildred Lewis.

Q  At that time?

A  At the time I arrested him, I arrested him for robbery.

Q  So you didn't arrest him for the assault of Mildred Lewis?

A  Yes.

---

1. No claim was made in the motion for new trial or here that the evidence was insufficient to support the verdict. We

have read the record and the state made a submissible case.

. . . . . .

Q What was he under arrest for? It wasn't for the assault of Mildred Lewis?

A He was under arrest for the assault of Mildred Lewis.

. . . . . .

Q Were you called to go out to that place for the assault of Mildred Lewis?

A I was called to go out there for a suspicious party holding a party at gun point.

. . . . . .

Q And you put him under arrest for the assault of Mildred Lewis because you got him out of the murphy bed by use of tear gas?

A No, sir.

Q You put him under arrest for something else?

A Well, I put him under arrest for robbery, yes, sir, at the time he was there.

Q For robbery?

A Yes, sir.

Q Did somebody complain about him?

A Yes, sir.

Q All right. Now, you want us to understand that you put him under arrest for robbery and not for the assault of Mildred Lewis?

A He was being held for the assault of Mildred Lewis and robbery, both.

. . . . . .

Q . . . What I'm asking you is, at the time you went out there and arrested him, did you arrest him for something other than that?

A Yes, sir. I arrested him for robbery."

■ The circumstances preceding the arrest on the day following the shooting had no connection as far as we can see with the shooting of the day before. It was proper to show defendant had on his person the gun used in the shooting, but there was no need to go into the details about the call to the apartment, the apparent fear of the occupants, the general idea that something was amiss in the apartment, and that defendant was the one who was putting the people in fear. "The prosecution is not permitted to introduce evidence of the circumstances of the arrest of the person accused where such circumstances have no probative value in establishing his guilt . . .", 22A C.J.S. Criminal Law § 628, p. 476, citing Hill v. State, 141 Tex.Cr.R. 169, 149 S.W.2d 93, error where the state showed that defendant when arrested was in bed with another woman than his wife. Defendant's complaint is, however, that it was error to permit the state to prove defendant was arrested for robbery, a crime for which he was not on trial. The flaw in defendant's contention is that the fact of arrest for robbery was brought out by defendant on cross-examination, as shown by the quoted examination above. We do not agree with defendant that after the state brought out the circumstances of the arrest and the events immediately prior to it, there was nothing for defendant to do but to go into it further. By this time it was apparent defendant was involved in something unusual, perhaps illegal, but we fail to see how it can be said the state thereby made it necessary for defendant to bring out by cross-examination the fact that defendant's arrest was for robbery and to charge this as error against the state.

Judgment affirmed.

All of the Judges concur.