**STATE of Missouri, Respondent,**

**v.**

**Eugene James RICHARDSON, Appellant.**

**No. 56878.**

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1974.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Charles A. Gallipeau, Kansas City, for appellant.

WELBORN, Commissioner.

Appeal from judgment and sentence of 15 years' imprisonment on jury verdict finding Eugene James Richardson guilty of assault with intent to kill with malice.

At about 8:00 A.M., May 20, 1970, several Kansas City police officers and federal agents went to the residence of Eugene James Richardson in Kansas City. The federal agents had warrants for the arrest of Richardson and his wife and a warrant for the search of the house. The officers were dressed in "casual" clothing.

The officers knocked at the front door and rang the doorbell. They saw a young boy inside approach the door and one of the officers announced in a loud voice that he was a federal agent and asked the boy to open the door. When the boy ran from view, the officers waited a short time and one of them said in as loud a voice as he could that they were federal agents with a search warrant and ordered the persons inside to open the door.

When there was no response the officers decided to break the door. They kicked it several times without results and then one of the officers ran into it with his shoulder and the door opened.

Officer Lomax and Agent Hanson entered the house, along with Agent Ingram who had broken the door. After they had gone a short distance into the house, Ingram again announced that they were officers with a search warrant. The response was three shots fired by Richardson from a bedroom. One of the bullets struck Officer Lomax, causing a flesh wound.

The officers returned the fire and Richardson withdrew from the bedroom door. When he did so, the officers heard water running in the vicinity of the bedroom. After a pause of a few minutes, two boys, Richardson's wife and Richardson emerged from the bedroom, with their arms raised.

Richardson and his wife were handcuffed and a search made of the house. A .38 caliber revolver was found in a bathroom off the bedroom from which Richardson had fired the shots. Richardson said that was the gun he used. A loaded .32 caliber revolver was found on a night stand next to the bed in the bedroom. A .25 caliber revolver was also found, along with two M–1 carbine magazines containing 30 and 28 rounds of ammunition. A piece of tin foil with water in it was found in the bathroom sink. A suitcase in the bedroom closet contained a bag of approximately 500 grams of lactose. The suitcase contained traces of heroin.

Richardson was charged with assault with a pistol with intent to kill, with malice, by reason of the assault upon Lomax. At his trial his two sons, twelve and nine, testified in his behalf. They testified that they saw the officers at the door and told appellant, "Daddy, some white men are trying to break into the house." Neither of the boys who ran and hid heard any reference to police officers or federal officers until after the shooting when appellant asked who it was, and received the reply, "Federal Officers." According to the boys, appellant responded, "Why didn't you say so." The officers testified that they heard no such remark from appellant.

On this appeal the first complaint of the appellant is that the trial court erred in admitting evidence of the finding of the .32 and .25 caliber revolvers and the M–1 ammunition and in permitting these items to be introduced in evidence and displayed to the jury.

Appellant contends that, inasmuch as the state introduced his admission that he used a .38 caliber pistol and also introduced ballistic evidence which supported that admission, the court erred in permitting the use of evidence relating to other weapons not used in the assault. When the matter first arose, defense counsel objected to such evidence on the grounds that it would be an attempt to prove separate and independent crimes and offered only to prejudice the defendant. The trial court overruled the

objection, stating that, even if the evidence did show other crimes, it had a legitimate purpose in the case. When the other two weapons were produced, appellant's attorney objected that they had no relevance. The trial court admitted them as showing the "whole atmosphere, * * * bearing strongly on the intent * * *."

On this appeal, primary reliance by appellant is upon State v. Holbert, 416 S.W. 2d 129 (Mo.1967). In that case, the charge was carrying a concealed weapon. At the trial, two other weapons, not the basis of the charge, were introduced in evidence. One was found on the defendant's person, the other in his automobile at the time of his arrest. This court reversed the conviction on the grounds that the evidence pertaining to the two weapons not involved was prejudicial to the defendant.

The state correctly argues that there has been no demonstration of what, if any other, criminal offense the possession of the weapons involved. Therefore, this is not correctly a case of evidence of other crimes, insofar as such items are concerned. However, for these items to be admissible, they must have had some probative value in the trial of the offense charged. State v. Wynne, 353 Mo. 276, 182 S.W.2d 294, 299 [7] (1944). Holbert considered the other offense rule, since one of the weapons might have been the basis of a concealed weapons charge. It also considered the probative value of the weapons and found that they had none. 416 S.W.2d 133 [8].

In this case, the court instructed the jury on assault with malice, assault without malice and self-defense. The only real issue in the case was the appellant's state of mind, the assault not having been a matter of dispute. The jury had to determine whether or not the act of the defendant was with malice, i. e., "intentionally and without just cause or excuse and after thinking about it beforehand for any length of time, however short, * * *."

They also had to determine whether or not appellant acted "in the honest belief that [the assault] was necessary for the protection of his life or person * * *."

■ The fact and extent of the appellant's arming his household become significant for the purpose of passing on these issues in this case, particularly in the light of the further evidence, also objected to by appellant, of the presence of heroin in the household. The heroin evidence clearly bore on the motive for the appellant's acts. Evidence relevant to the issue of motive is not rendered inadmissible because it also evidences the commission of a crime other than the one for which the defendant is on trial. State v. Holbert, supra, 416 S.W.2d 132 [2–6]; State v. Jackson, 446 S.W.2d 627, 629 [1] (Mo.1969). The presence of heroin in the household would have provided a motive for appellant's acts and evidence relating to that fact would tend to refute the claim of self-defense, relied upon by appellant. Motive was an issue here and the heroin evidence was, therefore, not required to be excluded. State v. Jackson, supra.

■ In view of the admissibility of the heroin evidence, the evidence of the weapons discovered in the household also has probative value as tending to show a preconceived plan on the part of appellant to use force to resist discovery of his illegal activities. Thus such evidence has probative value on the issue of motive and malice and the trial court did not err in admitting the evidence in these particular circumstances. State v. Starks, 459 S.W.2d 249, 250–251 [1–5] (Mo.1970).

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.