**STATE of Missouri, Plaintiff-Respondent,**

v.

**Dexter DAVIS, Defendant-Appellant.**

No. 36397.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Jan. 20, 1976.

Motion for Rehearing or Transfer
Denied April 13, 1976.

Application to Transfer Denied
May 5, 1976.

Charles D. Kitchin, Public Defender, Joseph W. Warzycki, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Timothy Verhagen, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Chief Judge.

Defendant was convicted by a jury of robbery in the first degree by means of a dangerous and deadly weapon and was sentenced to 25 years. He appeals. We affirm.

Three, and maybe four men, entered Speckart's Drug Store in the City of St. Louis. Defendant and one Ricky Jones held a sawed-off shotgun on the owner and a pharmacist, took their wallets and forced the owner to open a metal locker from which $1500 was taken. Defendant's fingerprints were found on a bag in which the shotgun was carried and Ricky Jones' fingerprint was found on a can in the locker. A search of the Jones' house thereafter unearthed a shotgun which two witnesses stated was the same or very similar to the one used in the robbery. Three witnesses positively identified defendant and Ricky Jones as the participants in the robbery. Defendant offered no evidence.

Defendant's contention that no submissible case was made is palpably without merit.

Defendant raises six alleged trial errors in seeking reversal. Two concern evidence of a pistol seen in the possession of the defendant before a chase resulting in his arrest and the introduction of the pistol into evidence. It had been recovered when defendant threw it out of a car during a high-speed chase by police. We dealt with these same contentions in State v. Davis, 530 S.W.2d 709 (Mo.App.1975). The only difference is that in that case the contents of the bag thrown from the car were not revealed. We stated in that case:

"Flight is admissible as evidence of consciousness of guilt and the circumstances surrounding flight are admissible. The circumstances surrounding an arrest are likewise ordinarily admissible in evidence.

On this record we find no error in the court's ruling."

In addition, the State may introduce evidence that a defendant had a gun in his possession when arrested, even if the gun is unconnected with the crime and tends to prove another crime such as possession of a concealed weapon. Arms tend to show that the defendant may have contemplated resistance and resistance to arrest is relevant to show consciousness of guilt. State v. Kilgore, 447 S.W.2d 544 (Mo.1969); State v. Ball, 339 S.W.2d 783 (Mo. banc 1960). We see no reason why a change of mind on resistance during flight should alter the admissibility of the evidence. We find no error in the admission of the evidence.

Defendant contends the shotgun was erroneously admitted into evidence because it was not adequately connected to him or the crime. We upheld such a contention in State v. Dexter Davis, supra. However, two notable differences are present here. First, Ricky Jones, in whose home the gun was found, was positively identified as a participant with defendant in the Speckart Drug Store robbery. See State v. Cuckovich, 485 S.W.2d 16 (Mo. banc 1972), [12]. Secondly, two witnesses testified that the gun was the one used in the robbery. Speckart's testimony was that it was in all ways similar. The other witness, the pharmacist, who owned shotguns, testified in detail as to the similarities, which included the sloppy job of altering the gun, the somewhat obscure manufacturer of the weapon, that it was a single shot hammer-cock type, and the method by which the gun was taped. He was sure the gun admitted in evidence was the one used in the robbery. A witness' identification of an exhibit need not be unqualified. State v. Maxwell, 376 S.W.2d 170 (Mo.1964); State v. Stancliff, 467 S.W.2d 26 (Mo.1971); State v. Hollins, 512 S.W.2d 835 (Mo.App.1974). The shotgun was properly admitted into evidence.

Defendant's contention that it was error to allow the evidence of Ricky Jones' fingerprint to be placed into evidence is without merit. Jones and defendant were

jointly charged and Jones was clearly identified as a participant with defendant. The relevancy and propriety of the evidence admitted is apparent.

Defendant charges error in failing to suppress the identification testimony because of a claim the line-up was unduly suggestive. We find no evidence of an unduly suggestive line-up. Additionally, the circumstances upon which the in-court identifications were made clearly demonstrate an independent basis for the identifications. One witness knew the defendant before the robbery. The other two observed him in good light for 10 or 15 minutes, under circumstances where their entire concentration was focused on the two robbers.

Defendant's remaining point is unsupported by the record.

Judgment affirmed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.