**STATE of Missouri, Respondent,**

v.

**Aaron B. JONES, Appellant.**

**No. 30055.**

Missouri Court of Appeals, Western District.

April 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1979.

James L. McMullin, McMullin, Wilson & Schwarz, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Aaron Jones was convicted by a jury on one count of second degree murder, § 559.020, RSMo 1969, and one count of robbery in the first degree, § 560.120, RSMo 1969, and sentenced by the court under the Second Offender Act to life imprisonment on the murder charge and twenty-five years on the robbery charge, the sentences to run consecutively.

On this appeal Jones contends the court erred in admitting evidence that a pistol unrelated to the crimes for which he was on trial was found on him when he was arrested. Reversed and remanded.

Jones does not question the sufficiency of the evidence. The jury could reasonably have found from the evidence that on October 25, 1976, Jones with two other men went to the Eastwood Animal Clinic for the purpose of committing a robbery. When they arrived there, they were admitted by the night attendant. The Jones party announced a robbery and after taking $30 from the attendant, Jones killed him to avoid identification. After the attendant's body was discovered, several witnesses recalled seeing an automobile parked in front of the clinic at about the time the murder would have been committed. A police broadcast was made concerning the description of this automobile. The next day a Prairie Village, Kansas, patrolman saw an automobile matching the description broadcast and observed two men standing on the porch of the house where the automobile was parked. After radioing for help, the officer got out of his car with a shotgun and ordered the two men on the porch to come down into the yard. After about a half-minute both men complied with his order and the officer then required them to lie on the ground. The officer identified the two men as Aaron Jones and Marvin Williams.

When a second officer arrived, both men were searched and a gun was found on each. The first officer stated he saw the second officer recover a pistol from the front waistband of Jones' trousers. Jones' counsel objected to evidence concerning the finding of a pistol on Jones and moved for a mistrial. Relying on *State v. Davis*, 535 S.W.2d 259 (Mo.App.1976) the court overruled the objection, but on request of Jones' counsel, the court did orally instruct the jury that the evidence of a weapon being found on Jones' person was received solely and exclusively for the purpose of showing that Jones may have contemplated resistance to arrest and was not to be considered as evidence of a separate crime.

The second officer stated when he arrived the first officer had both men in a prone position on the ground, and he searched Jones. He testified to finding a pistol stuck in the waistband at the front of Jones' trousers. There was no evidence that either Jones or Williams made an attempt to resist or evade arrest.

On the testimony of the second officer the same objection and motion for a mistrial was made as when the first officer testified to finding the pistol on Jones. The court overruled the objection and motion for mistrial and gave the same oral instruction to the jury concerning the fact the pistol was not to be considered as evidence of a separate crime, but was to be considered solely for the purpose of whether or not Jones may have contemplated resistance to arrest since he had a weapon in his possession.

The second officer further testified the pistol was loaded with a clip and both the pistol and clip were marked and introduced in evidence.

The officers who participated in the arrest of Jones and Williams did not state how either man was dressed at the time, so it is not clear from the evidence as to whether or not the pistol found on Jones was concealed, but from the objection made and the instruction the court gave the jury concerning concealed weapons, it is apparent the pistol was concealed and was not visible to the officer until he conducted his search of Jones.

The State concedes the pistol found on Jones was not connected with the crime, nor was there any evidence to show the

pistol Jones was carrying was similar to the weapon used in the crime.

The only case found in this State on similar facts is *State v. Krebs*, 341 Mo. 58, 106 S.W.2d 428 (1937).[1] Krebs was arrested about two months after an armed robbery and the court permitted the arresting officer to testify that when Krebs was arrested a revolver and rifle were found on or near him. The court pointed out there was no evidence to show a rifle had been used in the robbery, nor was there any evidence that the revolver found on Krebs at the time of the arrest resembled in any way the one used during the robbery. The court stated the weapon found on Krebs during his arrest would have been admissible if it was shown to be the one used during the crime or similar to it. In support of that statement, the court cited *State v. McGee*, 336 Mo. 1082, 83 S.W.2d 98 (1935) and *State v. Hart*, 309 Mo. 77, 274 S.W. 385 (1925). After citing the general rule that evidence of other crimes, independent of that involved in the trial, is inadmissible, the court recognized the exception to the general rule that evidence of another crime is admissible if it tends directly to prove the guilt of the crime charged. The court stated evidence which is relevant is not rendered inadmissible because it tends to prove other crimes committed by the defendant. The court held the evidence that Krebs had in his possession weapons which were not connected with the crime for which he was on trial was of no probative value in connecting him with the robbery and reversed the conviction because of the admission of the gun found on Krebs.

In its brief the State relies primarily upon *State v. Starks*, 459 S.W.2d 249 (Mo. 1970), in which a police officer observed Starks lying on the ground under a motor vehicle and told him to come out. When Starks emerged, the officer could see a pellet gun stuck in his belt at the back and saw a pistol laying on a glove on top of an adjacent car. Starks was convicted of tampering with a motor vehicle and the court affirmed the conviction over a contention of error in admitting the pellet gun and pistol. After first noting that the guns were not concealed, the court stated the guns were admissible as tending to show the circumstances attending the arrest, and in support of this statement cited *State v. McGee, supra*. The court also said the guns showed the possibility that Starks was contemplating resisting arrest and that he was armed when arrested. The court cited in support of this statement *State v. Hart, supra*. The court also held the weapons were admissible as showing criminal intent.

The State also relies, as did the trial court, upon *State v. Davis, supra*. Davis, convicted of robbery in the first degree, complained of the admission in evidence of a pistol seen in his possession before a chase resulting in his arrest. The court stated there was a high speed chase by police during which Davis threw the pistol out of the car. The court first considered the evidence of flight and held it admissible as showing consciousness of guilt. The court then stated at 535 S.W.2d 260[1-3]:

> In addition, the State may introduce evidence that a defendant had a gun in his possession when arrested, even if the gun is unconnected with the crime and tends to prove another crime such as possession of a concealed weapon. Arms tend to show that the defendant may have contemplated resistance and resistance to arrest is relevant to show consciousness of guilt.

In support of that statement the court cited *State v. Kilgore*, 447 S.W.2d 544 (Mo. 1969) and *State v. Ball*, 339 S.W.2d 783 (Mo. banc 1960). *Ball* did not involve evidence of a weapon found on the person of the defendant at arrest, but rather involved only the rule relating to unexplained flight and resisting arrest. *Kilgore* involved a chase

---

1. On similar facts the court in *State v. Hall*, 583 P.2d 587, 590 (Or.App.1978) said the presence of a gun on the defendant at the time of arrest and unrelated to the crime would introduce the improper inference that defendant is the crimi- nal type who carried concealed weapons and might engage in various other criminal activities. See also *State v. Harrison*, 253 Or. 489, 455 P.2d 613, 614[1, 2] (1969).

in which Kilgore's car was pursued by the police and several shots were fired from Kilgore's car. Kilgore objected to evidence of the firing of shots during the chase. The court held, as in *Krebs, supra,* that generally proof of the commission of other crimes is not admissible unless such evidence reasonably tends to prove a material fact in issue. The firing of shots was held admissible as showing unexplained flight and resisting arrest.

Although not cited in *Davis,* one of the earliest cases to apply the doctrine of contemplation of resisting arrest is *State v. Hart, supra.* In *Hart* the defendant was found hiding in a bed under the covers with a gun in his hand. The court held this evidence was admissible for the purpose of showing that he contemplated resisting arrest and that he was armed when arrested. However, as noted, *Hart* was one of the cases cited in *Krebs* when the court held it was error to admit evidence to show the defendant had a gun on him at the time he was arrested. This court is of the view the statement in *Hart* that a gun found on the person of an accused may be introduced in evidence for the purpose of showing that he contemplated resisting arrest and that he was armed when arrested should be limited to the facts existing in *Hart.* To apply this statement broadly to any situation in which a defendant is found to have a gun on his person which is neither the same or similar to the gun used in the crime and no attempt to resist or evade arrest is shown, is too broad an extension of the rule stated in *Hart.* The facts in *Krebs* are the same as in this case, except the time between the occurrence of the crime and the arrest is longer in *Krebs* than here. However, this does not seem to be a distinction which would call for a different result in this case than in *Krebs.*

The inherent prejudicial nature of demonstrative evidence of weapons not connected with the crime has been frequently recognized. *State v. Williams,* 543 S.W.2d 563, 565 (Mo.App.1976) fully discusses this danger and the cases which have recognized it.

The general rule stated in *Krebs* concerning the circumstances surrounding the arrest was reaffirmed in *State v. Myrick,* 473 S.W.2d 402, 404[1, 2] (Mo.1971) in which the court quoted from 22A C.J.S. Criminal Law § 628, p. 476, as follows:

"'The prosecution is not permitted to introduce evidence of the circumstances of the arrest of the person accused where such circumstances have no probative value in establishing his guilt.'"

The exception to this rule is stated in *State v. Campbell,* 533 S.W.2d 671, 675[1] (Mo. App.1976) where the court stated:

"Circumstances surrounding the arrest of a defendant are generally admissible where they tend to establish an attempt by the defendant to resist, evade, escape or avoid arrest. The conduct of the accused at the time of his arrest, which shows such attempts, has long been held to be admissible as having probative value on the issue of defendant's guilt and to constitute proper evidence for a jury's consideration."

In *State v. Holbert,* 416 S.W.2d 129 (Mo. 1967) the court held it was error to introduce in evidence two guns found in Holbert's possession when he was arrested on a charge of carrying a third gun as a concealed weapon. The court discussed the rule relating to evidence of other crimes as stated in *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304 (banc 1954) and the exceptions thereto. In discussing the exceptions the court quoted from *Reese* at 416 S.W.2d 132[2–6]:

"The test of whether evidence of other distinct crimes falls within any of these exceptions has been aptly stated as follows: 'The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny.'"

A gun found in the possession of an accused which is shown to be the same or similar to the one used in the crime falls squarely within the exception. Evidence of unexplained flight or attempts to resist or evade arrest are also well recognized exceptions to the prohibition against proving other crimes, although not set out in *Reese. State v. Campbell, supra.* But the rule allowing the showing of the circumstances of the arrest has been limited to those having probative value to establish guilt. *State v. Myrick, supra. Davis* attempts to combine the circumstances of arrest and unexplained flight or attempt to avoid arrest doctrines to allow evidence to show an accused was armed when arrested because he may have contemplated resisting arrest. In *Hart* the evidence would clearly point to an attempt to evade arrest, and in *Starks* it could be said the defendant contemplated resisting arrest when caught in possession of arms during the commission of a crime.

However, this court is unwilling to subscribe to an exception to the well established rule against showing other crimes on the basis the defendant "may have contemplated resisting arrest" in the complete absence of an attempt to resist or evade arrest. When evidence of a separate crime of carrying a concealed weapon is permitted it should fall under one of the recognized exceptions or be subjected to rigid scrutiny because of the dangerous tendency and misleading probative force this evidence carries.

■ When the evidence in this case is viewed in the required light, it must be concluded that evidence of the separate crime of carrying a concealed weapon was shown and none of the exceptions mentioned in *Reese* are present. Neither is the circumstances of arrest doctrine applicable because the weapon found is not relevant to the crime charged. Nor is the resisting arrest or unexplained flight rule available because neither occurred actually or in the context of *Hart.* This leaves only unbridled speculation that Jones may have contemplated resisting arrest and no case has gone that far on actual facts presented.

■■ Thus, this court concludes the rule permitting the circumstances surrounding arrest to be shown applies only if such circumstances are relevant to the crime on trial or if it shows an attempt to resist, evade, escape or avoid arrest. The fact that an accused may have had a weapon on his person at the time of his arrest is not admissible unless he makes some attempt to avoid or escape arrest or unless the weapon is connected to the crime as being shown to be the one used in the crime or one similar thereto. This court concludes the language in *Davis* is too broad, as shown by the cases discussed herein. Of greater significance, however, is the fact the statement in *Davis* is dictum because it goes well beyond the facts present in that case and the statement is unnecessary to the decision. In *State v. Miles Laboratories*, 282 S.W.2d 564, 573[11, 12] (Mo. banc 1955), the court stated, "Any reported opinion should be read in the light of the facts of that particular case, and it would be unfair as well as improper 'to give permanent and controlling effect to casual statements outside the scope of the real inquiry.'" Thus, this court is not required to follow the dicta in *Davis* nor the holding in *Starks* when those cases were decided on different facts from those present here. This court is required to follow the last controlling decision of the Supreme Court of Missouri. *State v. Hegwood*, 558 S.W.2d 378, 381[4–6] (Mo.App.1977). The last controlling decision by the Supreme Court on the facts of this case is *Krebs* and on such facts the gun found on Jones was improperly referred to and admitted in evidence. The State relies for affirmance solely on *Starks* and *Davis*, but because of their different factual situations they cannot be followed here. The State does not contend the oral instruction given by the court cured the error, and since the gun was inadmissible under the discussion herein it is apparent the instruction could not close the wound already opened.

The other allegation of error made by Jones need not arise on retrial and thus does not require discussion.

The judgment is reversed and the cause is remanded for a new trial.

All concur.