STATE of Missouri,
Plaintiff-Respondent,

v.

David E. REZABEK,
Defendant-Appellant.

No. 10975.

Missouri Court of Appeals,
Southern District,
Division One.

July 23, 1979.

Motion for Rehearing or to Transfer to
Supreme Court Denied Aug. 14, 1979.

Application to Transfer Denied
Sept. 11, 1979.

after trial by jury in the Circuit Court of Greene County, of the crime of robbery in the first degree by means of a dangerous and deadly weapon, and was thereafter sentenced to a term of 50 years imprisonment by the trial court, in accordance with the jury verdict. He was acquitted by the jury of the companion charge of attempted murder. Defendant appeals the judgment and sentence of the trial court in the robbery case.

The facts germane to this appeal are as follows. On May 14, 1977, Mae Obrecht, a 69 year old widow, was the owner and operator of the Siesta Motel in Springfield, Missouri. On that date, at approximately 10:15 p. m., two young persons came into the motel lobby. They had arrived at the motel in what she described as "a small dark car". At trial, Mrs. Obrecht identified one of the men as the defendant and the other as his companion, Paul Easton. After an inquiry about a room, Easton pulled a gun, pointed it at Mrs. Obrecht and demanded money. Defendant "put on" the no vacancy sign at that time and locked the front door. Easton took a motel bag containing about $70 from the office and then directed Mrs. Obrecht to go to her living quarters in the motel. He kept a gun in her back while she was walking to her living quarters. Defendant walked to a door at the rear of the motel office and "hit his side" before entering. Easton and Mrs. Obrecht followed defendant through the door to the living quarters area. When they got there, Mrs. Obrecht was told to sit down, and her hands were bound behind her with tape. Defendant took $10 out of her wallet, and Easton later found $52 more in a closer search of the wallet.

Easton then told her to go into the bedroom. She begged the men not to make her do it, but Easton insisted. Mrs. Obrecht was frightened as Easton had the gun pointed at her during all of this time. Defendant cut the telephone cord and cut up a curtain. He used the cord and curtain material to tie her up and tissues to gag her.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Richard D. Bender, Honecker & Bender, Springfield, for defendant-appellant.

GREENE, Judge.

Defendant David E. Rezabek was charged in separate informations with the crimes of first degree robbery and attempted murder of Mae Obrecht. The two charges were consolidated for trial. On February 3, 1978, defendant was convicted,

Defendant went through the victim's jewelry boxes and took a pair of diamond earrings, two necklaces and a bracelet. Easton then tore the clothes from the victim's body, hit her in the breasts and stomach with his fist, removed the gag from her mouth and forced her to perform an act of oral sodomy upon him. He told defendant to "get the ether" to make the victim stop struggling. The gag was then replaced by Easton with the help of defendant. Easton then took a cloth toilet seat cover and pressed it down hard over Mrs. Obrecht's nose and mouth until she passed out. When she regained consciousness, defendant and Easton were gone. She finally worked an arm loose, got to another phone and called the telephone operator for help. The operator called Helen Montgomery, a friend of Mrs. Obrecht's, who came immediately to the motel. She found Mrs. Obrecht in the living room. Her hands and feet were still bound and her clothing was torn off. Springfield police officers arrived at the scene shortly thereafter. They processed the area and took a statement from Mrs. Obrecht.

In a further effort to place defendant in Springfield on the day in question and to show the facts and circumstances of flight after the robbery, the state, at trial, introduced further testimony. Margaret Mack, the manager of the Skyline Motel, which was located about five blocks from the Siesta, testified that at approximately 8 a. m. on the morning of May 14, 1977, defendant, and at least one other person, checked into the Skyline and paid for a room for four persons. They arrived in a blue Volkswagen, Nevada license no. C13246 and registered under the name of Habrowski. Mrs. Mack saw the Volkswagen leave the Skyline at approximately 10 p. m. on May 14th. Logan Hollingsworth, operator of Finn's Motel in St. James, Missouri, located approximately 115 miles east of Springfield, testified that four persons checked into his motel in the early morning hours of May 15, 1977. They registered under the name of Habrokowski, and indicated on the registra-

tion form that they were driving a 1969 Volkswagen, Nevada license no. CI3246.

Patrolman Ronald Allen Borkowski, a Collinsville, Illinois police officer, testified that he was on routine patrol on May 16, 1977, when he noticed a turquoise Volkswagen parked at the Roundtable Motel with a 1969 Nevada plate on the front. The plate's number was C13246. Since it was a 1969 plate, Borkowski requested a computer check and received information that the car was stolen. He checked the automobile and found that the ignition had been punched and "hot wired" so that it could be started without a key. Collinsville police officers Gerritt Gillespie and Michael Italiano then came to the scene in another car, as they had heard the dialogue concerning the stolen car on the police radio. The officers went into the motel lobby and asked the clerk on duty if anyone staying there "had" the Volkswagen. They checked registration records for that purpose, and Gillespie photocopied a registration record, later admitted into evidence as state's exhibit 25, in the presence of Borkowski.

While they were talking to a motel clerk, the officers saw three men running from the motel area. The officers gave chase and caught the three men about one block from the motel. The three men were the defendant, Easton and Frank Post. Borkowski, during a search, removed a .22 calibre automatic pistol from the waistband of defendant's trousers. Officer Gillespie found a 9 mm automatic pistol in a shaving kit in Easton's possession. Both weapons were loaded. Easton also had a set of handcuffs in his possession. A can of chemical mace was found in the motel room that had been occupied by defendant and Easton. Officer Gillespie, in his testimony, identified state's exhibit 25 as a photocopy of the room registration record at the Roundtable Motel, showing the registration of a John Horbowski for room 217 and that a license number written on the registration card was CI2436.

During closing argument, the prosecuting attorney, over objection of defendant, was

permitted to argue "when people like this are free in this community to terrorize elderly citizens of this community", and that if Officer Borkowski had not seen the Volkswagen and taken further action "this defendant could have gone on and on up the interstate and who knows what would have happened?" After the jury verdict, defendant timely filed a motion for new trial which was overruled.

Defendant raises five points on appeal which are that the trial court erred in 1) overruling defendant's objections to testimony from Collinsville, Illinois police officers to the effect that defendant's arrest was precipitated by an investigation regarding a stolen Volkswagen for the reason that such testimony was hearsay, evidence of another crime, and irrelevant; 2) overruling defendant's objections to testimony concerning an alleged sexual assault made upon the robbery victim by the companion of defendant for the reason that such testimony was irrelevant and prejudicial; 3) overruling defendant's objections to testimony regarding a .22 calibre pistol, mace (paralyzer spray) and handcuffs seized at the time of defendant's arrest in Illinois, and to the admission of such items in evidence, for the reason that such evidence was irrelevant and prejudicial; 4) overruling defendant's objections to the statements of the prosecuting attorney in his closing argument to the effect that "people like this (meaning defendant) should not be free to terrorize elderly citizens of this community" and "had it not been for the work of a Collinsville, Illinois police officer the defendant could have gone on and on up the interstate and who knows what would have happened", for the reason that such arguments constituted personalizing to the jury and improperly injected into the case defendant's character and criminal proclivities; and 5) overruling defendant's objections to state's exhibit 25, a photocopy of a registration form of the Roundtable Motel in Collinsville, Illinois, and permitting testimony concerning the exhibit for the reason that the document was hearsay, and therefore inadmissible.

## THE TESTIMONY OF OFFICER BORKOWSKI

The question in issue put to Borkowski was: "Q. Do you know what a computer hit is?" Defendant objected on the grounds that the answer to that question would indicate that the Volkswagen had been stolen, which fact would be 1) proof of an independent crime, and 2) hearsay. The objection was overruled. The witness then answered, "It's information that the car is stolen or articles stolen, whatever it may be". The witness then said he was still at the scene when he "got that information", and that based on such information, he checked the vehicle further and found that the ignition had been "punched in". No objection was made to such testimony. Borkowski and other officers then went into the motel office to try to determine who had been driving the Volkswagen, at which time defendant and his friends attempted to flee the scene and were captured. Defendant argues that evidence that the Volkswagen was stolen was irrelevant, and even though held to be relevant, was prejudicial hearsay. We disagree.

If Borkowski's testimony tended to prove the Volkswagen was stolen, such testimony was competent to prove preparations beforehand of a means by which the robbery could be committed and an escape made afterward, even though such evidence might tend to prove the commission of another crime.' The evidence also explained the basis for the conclusion of the police that they had reasonable grounds to investigate further and was not introduced for the purpose of proving that the Volkswagen was the getaway car. *State v. McRoberts,* 485 S.W.2d 70, 72–73 (Mo.1972); *State v. Green,* 575 S.W.2d 211, 212 (Mo.App.1978). The assignment of error is denied.

## THE TESTIMONY REGARDING THE SEXUAL ASSAULT

Defendant here objects to the testimony of the victim concerning the details

of a sexual assault made upon her by defendant's companion during the course of the robbery. If two or more persons engage in the commission of a crime or crimes, proof of all relevant facts is proper. Where two crimes are committed, under such circumstances as to constitute one continuous transaction in the accomplishment of a common design, and the facts are so interrelated that the crimes are concurrent, evidence of all criminal acts that occur during such time span are admissible, as otherwise, a connected and intelligible statement of the occurrence could not easily be made, or understood. *State v. Ward*, 457 S.W.2d 701, 708 (Mo.1970); *State v. Powell*, 542 S.W.2d 588, 591 (Mo.App.1976). Defendant was searching the room in furtherance of the robbery and conversing with Easton during the period when the sexual assault took place. The testimony was admissible. The assignment of error is denied.

### THE TESTIMONY REGARDING THE PISTOL, MACE AND HANDCUFFS

Defendant argues that the admission into evidence of the .22 calibre pistol taken from defendant's person, the can of mace taken from defendant's motel room, and the handcuffs taken from defendant's accomplice at the time of arrest, was prejudicial, as testimony regarding the items was irrelevant.

1. *The pistol*

■ The state may introduce evidence that the defendant was armed when arrested, even if the gun is unconnected with the crime. Such evidence tends to show defendant contemplated resistance to arrest and is relevant to show consciousness of guilt. *State v. Davis*, 535 S.W.2d 259, 260 (Mo.App.1976).

2. *The mace and handcuffs*

■ The mace and handcuffs are items used to subdue and restrain persons. The facts of this crime indicate that the victim was tied and gagged during the course of

the robbery and that Easton told defendant to "get the ether" when Mrs. Obrecht struggled. The evidence was relevant to show that defendant and his accomplice had access to articles with which the crimes of robbery and attempted murder were, or might have been, committed. *State v. Stancliff*, 467 S.W.2d 26, 30 (Mo.1971). The assignment of error is denied.

### THE PROSECUTORIAL ARGUMENT

■■ The prosecutor was permitted to argue, over objection, "When people like this are free in this community to terrorize elderly citizens of this community", and, in praising Officer Borkowski's role in apprehending defendant, "had it not been for that this defendant could have gone on and on up the interstate and who knows what would have happened". Control of and determination of the existence of prejudice in closing argument are matters within the discretion of the trial judge, and the judge's rulings on such matters will not be disturbed on review unless such discretion is clearly abused. *State v. Treadway*, 558 S.W.2d 646, 650 (Mo. banc 1977). An argument to the effect that a certain class of people need to be controlled, and including defendant in that class, has been held not to be prejudicial argument justifying a mistrial. *State v. Dooley*, 549 S.W.2d 677, 681 (Mo.App.1977). We put the portions of the argument quoted above in that category. The argument was within the evidence offered to the jury and was, therefore, permissible. *State v. Taylor*, 508 S.W.2d 506, 514 (Mo.App.1974). The assignment of error is denied.

### THE ADMISSION OF STATE'S EXHIBIT 25 INTO EVIDENCE

■ Defendant complains of the introduction into evidence of state's exhibit 25, which was a photocopy of a motel record from the Roundtable Motel in Collinsville, Illinois. The state concedes that no proper foundation was laid for the admission of this exhibit under the Business Records Act,

and, therefore, the exhibit was hearsay. However, all of the information contained in this exhibit had been introduced into evidence through the testimony of Officer Borkowski and other witnesses. · The exhibit was not a key element in the state's case and could not have been prejudicial. In addition, defendant fails to point out in his brief why the admission of the evidence in question was prejudicial. The evidence was used only to establish the license number of the Volkswagen, which fact had already been established by the testimony of Officer Borkowski and other witnesses. The document was cumulative evidence, and its admission into evidence was, at most, harmless error. *State v. Williams*, 448 S.W.2d 865, 869 (Mo.1970); *State v. Merritt*, 542 S.W.2d 14, 16 (Mo.App.1976).

We have carefully reviewed the entire record in defendant's case. The evidence of guilt of the crime of robbery was strong and convincing. He received a fair trial, and the verdict should be upheld.

The judgment is affirmed.

FLANIGAN, C. J., and TITUS, J., concur.

PREWITT, J., not participating because not a member of the court when cause was submitted.