STATE of Missouri, Respondent,

v.

Robert WALLACE, Appellant.

No. 44902.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1982.

Walter L. Brady, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted in a jury trial of possession of more than 35 grams of marijuana, a Schedule I controlled substance, § 195.200, RSMo (1978); and possession of pentazocine a Schedule IV controlled substance, § 195.270, RSMo (1978). The trial court found that appellant was a persistent offender, § 558.016.2, RSMo (1978), and sentenced him to consecutive terms of three and seven years imprisonment. This appeal ensues. We affirm.

Since appellant does not challenge the sufficiency of the evidence, we will briefly review the facts in a light most favorable to the verdict. *See State v. Means,* 628 S.W.2d 426, 427 (Mo.App.1982). On the morning of February 25, 1981, at approximately 8:30 a.m., Detectives Brocato, Brogan, Magee, Whitling, and Moran and Officers Morbs and Richards of the City of St. Louis Police Department arrived at appellant's residence to execute a search warrant. Detective Magee knocked on the front door, identified himself as a police officer, and announced that he had a search warrant. Appellant lifted the shade on the front door window, looked at the police officers, and quickly dropped the shade. Magee then heard appellant shout, "[h]urry bitch, it's the police."

Fearing evidence would be destroyed, Detective Magee opened an iron security gate with a pry bar, and Detective Whitling forced the door open with a sledge hammer. Detective Magee immediately entered the house, followed by Detectives Brogan, Whitling, and Brocato. As they opened the door, appellant ran from the front room, through the central bedroom, towards the kitchen in the rear of the house. Detective Brogan shouted, "[p]olice officer, stop right there," but appellant ignored him. The detectives apprehended appellant in the kitchen and brought him into the front room. Two women, who were found in the bedroom, were also brought into the front room. The search warrant was then read to them.

While searching the house, Detective Brogan seized pentazocine tablets and two bags

of marijuana. Detective Brogan then placed appellant under arrest and advised him of his rights. Appellant admitted that the drugs were his and asked that the women be released.

Appellant's motion for new trial was not timely filed and therefore preserves nothing for appellate review. Since appellant's alleged errors have not been properly preserved, this court can only review the points relied on as matters of plain error. *State v. Moore*, 620 S.W.2d 56, 56–57 (Mo.App.1981). Even if the points had been preserved, we find that they are without merit.

Appellant first contends that the trial court erred in failing to declare a mistrial when the circuit attorney made references to the fact that the police went to appellant's home to execute a search warrant. Appellant claims the fact that a search warrant was issued is irrelevant to the issue of his guilt and created an impression in the minds of the jurors that his guilt had already been judicially determined when the warrant was issued.

Although evidence of circumstances surrounding the arrest of the accused is inadmissible when the evidence has no probative value in establishing guilt, *State v. Myrick*, 473 S.W.2d 402, 404 (Mo.1971), the circumstances attending the arrest of the accused may be admissible when they tend to establish an attempt by the defendant to resist, evade, escape, or avoid arrest. *State v. Jones*, 583 S.W.2d 212, 215 (Mo.App. 1979); *State v. Campbell*, 533 S.W.2d 671, 675 (Mo.App.1976). "The conduct of the accused at the time of his arrest, which shows such attempts, has long been held to be admissible as having probative value on the issue of defendant's guilt and to constitute proper evidence for a jury's consideration." *State v. Jones*, 583 S.W.2d 212, 215 (Mo.App.1979) (quoting *State v. Campbell*, 533 S.W.2d 671, 675 (Mo.App.1976)).

Standing alone, the fact that a search warrant had been issued is irrelevant to defendant's guilt. However, in this case, evidence of the issuance of a search warrant was not used to prove the appellant's guilt but was presented to show the circumstances surrounding appellant's attempted flight when the officers identified themselves and announced that they had a search warrant. Therefore, we find that the trial court did not abuse its discretion in failing to declare a mistrial.

Appellant next contends that the trial court erred in prohibiting appellant's attorney from arguing in closing argument the result of a lie detector test taken by appellant because such evidence was not objected to at trial. Appellant further contends that this error was compounded when the trial court reprimanded appellant's counsel for attempting to make that argument.

While being cross-examined, the appellant made two references to his passing a lie detector examination concerning whether money and drugs were present in his apartment at the time of his arrest; the State failed to object to either of these references. However, the State did make an objection during cross-examination of a State's rebuttal witness, Richard Brogen. During Brogen's testimony, the following occurred:

Q: You said that you saw a few dollars in currency?

A: Yes.

Q: Would you take a lie detector test on that?

A: If he'll take one about stealing dope.

Q: He took one.

A: What happened?

Q: He passed it.

MR. WARZYCKI: I'm going to object to this and ask that it be stricken from the record. It never occurred.

THE COURT: It will be stricken.

MR. BRADY: It did occur.

THE COURT: Just a minute, please. I'm directing the jury to disregard this conversation that has now taken place between the two of these attorneys relative to any lie detector test taken by anybody or to be taken by anybody. Let's take that out of your minds and out of this record.

Now I've made my ruling. Is there a specific request of either attorney on any aspects of what I have just ruled on, what has just taken place in here?

MR. WARZYCKI: No, Your Honor.

MR. BRADY: No. May we approach the bench?

THE COURT: My first question to you, sir, is, is there any request you wish to make relative to the action that I've just taken?

MR. BRADY: On the testimony of this witness?

THE COURT: Not on the testimony. The question I'm talking about is reference to the lie detector test by anybody, is there any request of either attorney in that regard?

MR. BRADY: Are you referring to the jury argument, Your Honor?

THE COURT: No, sir, I'm not talking about the jury argument, we're in the middle of rebuttal evidence. I have just instructed the jury to disregard any comment made by any of the three of you, the witness or the attorneys.

MR. BRADY: No, I have no request about that, Your Honor.

THE COURT: And I also have directed that it all be stricken from the record. I again admonish the jury so that they fully understand the importance of this in their deliberation on this case, they should not in any way, shape or form consider the fact or idea that a lie detector was mentioned at this time by anyone.

Now do you have any other requests or any reason to approach the bench, gentlemen?

MR. BRADY: No, nothing.

■ The trial court's ruling on the State's objection was proper because "[t]he results of polygraph examinations are inadmissible as evidence in a criminal trial because they lack scientific support for their reliability." *State v. Biddle,* 599 S.W.2d 182, 185 (Mo. banc 1980). In *Biddle,* the Missouri Supreme Court held that the results of polygraph tests are inadmissible even when stipulated to by the parties. *Id.*

185–191. Appellant argues that this differs from *Biddle* because the evidence was admitted earlier in the trial without an objection or a motion to strike. If evidence of a polygraph test is inadmissible even when stipulated to by the parties, then evidence of a polygraph test when no objections or motions to strike are made is likewise inadmissible. Therefore, appellant was not prejudiced by not being permitted to argue inadmissible evidence in his closing argument.

■ During closing argument, appellant's attorney made references to the fact that his client had passed the lie detector test. The State objected and asked that appellant's attorney be reprimanded. The trial judge then stated: "Mr. Brady, I reprimand you for that remark. It's completely out of kind." The trial judge then told the jury to disregard the remarks of appellant's counsel. The trial court is accorded wide discretion in determining whether or not an improper argument is so prejudicial to warrant a reprimand of counsel or to discharge the jury. Reversal will not be granted unless the trial court has abused its discretion to the prejudice of the accused. *State v. Mensah,* 625 S.W.2d 135, 136–137 (Mo.1981). Appellant's attorney had been put on notice by the trial court that evidence concerning the lie detector test was inadmissible. The trial court committed no abuse of discretion in reprimanding appellant's counsel for disregarding its ruling.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.