STATE of Missouri, Respondent,

v.

Leonard D. TRIPLETT, Appellant.

No. 42065.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1981.

Rehearing Denied Aug. 6, 1981.

Joseph W. Downey, Frank R. Fabbri, III, Asst. Public Defenders, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Henry T. Herschel, Asst. Attys. Gen., Jefferson City, George Peach, St. Louis, for respondent.

CLEMENS, Senior Judge.

Defendant Leonard Triplett was indicted for and found guilty of robbing two young women. The trial court sentenced Triplett to two concurrent 25-year prison terms. He appeals.

■ Here defendant complains only that the trial court admitted this police testimony about his arrest the day after the robbery: Chasing defendant's car, and him abandoning it; finding his fingerprints there; and finding in the car a pistol the victims later testified looked like the weapon used to rob them.

Police testified they saw defendant driving a car with a broken headlight and missing license plate. They followed defendant to warn him of the defects. As he sped away police flashed red lights and blew a siren. Defendant twisted through several turns, drove down an alley, and finally left his car. Police arrested him as he walked away; they searched the car and found a silvery pistol which the victims later identified at trial.

Defendant's sole point here is that the court erred in letting in police testimony about the pursuit. This, because that showed another unrelated crime: traffic violations.

Defendant primarily relies on *State v. Wright*, 582 S.W.2d 275[2] (Mo.banc 1979). That was a robbery case where a wallet had been stolen. The state was allowed to introduce testimony that when arrested defendant not only had that wallet in his possession but also another wallet belonging to some unidentified person. The court there, condemned evidence of another crime *unrelated* to the case on trial. We cannot say here that defendant's flight the next day was unrelated to robbing the two young women.

■ Flight is admissible when it shows an awareness of guilt. *State v. Moore*, 546 S.W.2d 10 [6, 7] (Mo.App. 1977). True, although the challenged evidence may incidentally show another crime. See, *State v. Jones*, 583 S.W.2d 212 [1–3] (Mo.App. 1979) for a broad explanation of times when evidence of another crime may and may not be admitted.

We hold the trial court did not err in admitting evidence of defendant's flight and possession of the weapon used in the charged robbery.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.