STATE of Missouri,
Plaintiff-Respondent,

v.

Randolf Dean WALKER,
Defendant-Appellant.

No. 12182.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 2, 1981.

Motion for Rehearing Overruled and to Transfer to
Supreme Court Denied Dec. 21, 1981.

Application to Transfer Denied
Feb. 16, 1982.

David H. Jones, Fielder, Jones & Conklin, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

BILLINGS, Judge.

Defendant Randolf Dean Walker was court-tried and convicted for escape from confinement [§ 575.210, RSMo 1978] and after having been found to be a persistent offender under § 558.016, RSMo 1978, was sentenced to a 10-year prison term. His single assignment of error in this appeal is directed to the State's filing of an amended information which added allegations that he was a persistent offender. We affirm.

Following defendant's arraignment in circuit court on the original information and his case being set for trial, the defendant filed a written waiver of trial by jury which was assented to by the trial judge. Rule 27.01, V.A.M.R. Thereafter, and four days before the trial, the State filed a motion to file an amended information and gave notice of the same to the defendant. The amended information alleged defendant was a persistent offender by reason of his prior convictions for five felonies and subject to sentencing as such under § 558.016, RSMo 1978.

On the day of trial the defendant objected to the filing of the amended information, contending the State need only prove two prior convictions to demonstrate he was a persistent offender and the listing of the remaining felonies was prejudicial to him. The court permitted the amended information to be filed, the defendant waived formal reading of the amended information, plead not guilty, and announced ready for trial. Following the presentation of evidence, the court found defendant guilty on the escape charge. The State then presented evidence defendant was a persistent offender. The court found and determined him to be a persistent offender and imposed sentence.

As is often the case when an indigent defendant's trial attorney is relieved of the laboring oar and different counsel is appointed to prosecute the appeal, defendant seeks to broaden the scope of his trial objection. Such is the case here, where the contention is advanced that permitting the filing of the amended information was erroneous because the defendant's waiver of trial by jury was directed to the original information and the amended information increased the maximum punishment.

Defendant's point is without merit. With rare exceptions not applicable here, to preserve error, even though it has a constitutional basis for direct review, timely objection must be made stating the basis for that objection. *Bryant v. State*, 604 S.W.2d 669 (Mo.App.1980). The defendant was aware, prior to the trial date, of the additional allegations in the proposed amended information. At the outset of the proceedings, on the date of the trial, the court noted defendant had filed a written waiver of trial by jury. Before ruling the amended information could be filed, the court was advised defendant's attorney had gone over the amended information with the defendant. Formal reading of the

amended information was waived, and after defendant's plea of not guilty, defendant announced ready for trial. Defendant had ample opportunity to move to withdraw his written waiver of trial by jury but chose not to do so. Under the circumstances, the trial court was under no duty or obligation to *sua sponte* determine if defendant then wanted a trial by jury and defendant's present effort to sandbag the trial court must fail.

 Furthermore, the amendment to allege defendant was a persistent offender changing the possible punishment to be administered by the trial judge after a determination of guilt on the escape charge, is not an additional charge within the meaning of the statute. *State v. Morton*, 338 S.W.2d 858 (Mo.1960) (habitual criminal act); *State v. Wilburn*, 575 S.W.2d 914 (Mo. App.1978) (second offender act). Whether guilt is determined by a jury or the court, the matter of sentencing under the persistent offender statute is for the trial court.

The judgment is affirmed.

PREWITT, P. J., MAUS, C. J., and HOGAN, J., concur.