STATE of Missouri,
Plaintiff-Respondent,

v.

Robert L. GOREE, Defendant-Appellant.

No. WD33013.

Missouri Court of Appeals,
Western District.

May 11, 1982.

Russell C. Still, Asst. Public Defender, Columbia, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, C. J., and WASSERSTROM and MANFORD, JJ.

WASSERSTROM, Judge.

Defendant appeals from his conviction by a jury of burglary second degree. The jury assessed two years imprisonment. The court found defendant to be a persistent offender and entered sentence of 12 years imprisonment.

For his points on this appeal, defendant contends that (1) the state amended the information on the morning of trial to charge that defendant was a persistent offender, and this constituted a new charge which should have been submitted to a preliminary hearing; and (2) the state failed to prove that defendant had been represented by counsel in connection with his previous convictions. Neither point has merit.

■ With respect to defendant's first point, the state is permitted to file an amended information provided the amendment does not contain an additional or different charge and provided the amendment does not prejudice any substantial right. Rule 23.08. Defendant does not claim any prejudice. Further, he admits that Missouri courts have consistently held that under the old second offender statute the prosecution could without violating Rule 23.08 add a charge that defendant was a second offender. As to this, defendant correctly summarized these cases as follows: "The reasoning of Missouri courts has been that a statute allowing for the enhancement of punishment does not affect the substance of the crime charged and is merely a procedural matter, allowing for the enhancement of punishment." The same reasoning has been employed in connection with sentence enhancement under the new penal code, Section 558.016, RSMo 1978. *State v. Leake*, 608 S.W.2d 564 (Mo.App.1980); *State v. Walker*, 629 S.W.2d 558 (Mo.App., 1981).

Defendant argues however that the foregoing well-established rule should be reexamined in light of *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). *Baldasar* is not in point. In that case, the defendant had been convicted of a misdemeanor, fined $159 and sentenced to one year probation. Subsequently he was charged with stealing an item worth $29. The prosecution introduced evidence of the prior conviction and asked that Baldasar be punished as a felon under the Illinois enhancement statute. He was found guilty and was sentenced to imprisonment for 1 to 3 years. The United States Supreme Court held that the prior conviction, as to which Baldasar had not been represented by counsel, could not be used to enhance punishment for a subsequent offense so as to subject him to a term of imprisonment. The issue presented and decided in *Baldasar* in no way corresponds to the issue presently under consideration here.

■ As to defendant's second point, the exhibits introduced by the state to prove the prior offenses showed that in each instance defendant had been represented by counsel at sentencing. It is not necessary for the state under the enhancement statute to initiate any other proof as to representation by counsel. *State v. Brown*, 476 S.W.2d 519 (Mo.1972). *Baldasar*, which is again argued by defendant in connection with this point, gives him no support.

Affirmed.

All concur.