STATE of Missouri, Respondent,

v.

**Bernard J. MEEKS, Appellant.**

**Nos. 62958, 63016.**

Supreme Court of Missouri, En Banc.

June 8, 1982.

Rehearing Denied July 6, 1982.

Springfield Baldwin, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

This is an appeal of two consolidated cases: (1) a direct appeal from a conviction of robbery first degree with a sentence of 25 years, to be served consecutively with a 15 year sentence imposed in another cause; and (2) an appeal from a partial denial, after hearing, of appellant's Rule 27.26 motion which attacked the competence and effectiveness of appellant's trial counsel.

For purposes of this opinion, there need not be a factual recitation underlying appellant's robbery first degree conviction as it shall suffice to say that appellant was convicted in May of 1978. His trial counsel filed a timely motion for new trial but did not appeal from denial thereof although requested to do so by appellant.

On September 29, 1980, appellant filed a Rule 27.26 motion on the grounds of ineffective assistance of counsel at the trial level in that counsel failed to perfect an appeal, and additionally failed to call witnesses who could have exonerated him. Appellant requested a change of judge which was granted, with the Honorable Richard J. Brown assigned to hear the matter.

When informed that appellant had on numerous occasions either escaped custody or attempted to escape custody, both in Missouri and other jurisdictions, and after conferring with the Chief Judge of the 22nd Circuit, Judge Brown requested and was granted by this Court a transfer to the 19th Judicial Circuit in Cole County for the purpose of hearing this motion. As Judge Brown stated in his Findings of Fact after the evidentiary hearing: "This [the transfer] was done for security purposes only,

considering the Petitioner's [appellant's] past record of escapes and attempted escapes. Petitioner's attorney stated his opposition to such transfer, and wrote a memorandum of law on the subject, but did not formally file any action opposing said transfer."

On March 20, 1981, in response to appellant's allegation and the state's stipulation, Judge Brown vacated appellant's sentence, granted allocution, and then resentenced him to the same twenty five year term without attending to the remainder of the Rule 27.26 motion. Appellant thereafter filed a Notice of Appeal of his armed robbery conviction with this Court in order to preserve, as he asserts, his right to appeal. Later, in April of the same year, Judge Brown filed his Findings of Fact and Conclusions of Law pertaining to and denying the remainder of appellant's Rule 27.26 motion. Appellant filed a Notice of Appeal of the denial of his remaining allegations within his Rule 27.26 motion with this court in late April. Both appeals have one common issue, that being the validity of this Court's order transferring Judge Brown to the 19th Judicial Circuit. We hold the appeal reference the armed robbery conviction in abeyance and address the Rule 27.26 motion.

■ Initially, we must address appellant's threshold question: Was this Court's order, transferring Judge Brown to the 19th Judicial Circuit in Cole County (site of the Missouri State Prison in which appellant was and is currently confined) a valid exercise of authority? Appellant is of the belief that Judge Brown, a judge of the 22nd Circuit transferred to the 19th Circuit, who by this Court's order was given "the same powers and responsibilities as a judge of the court or district to which transfer-

red," was without jurisdiction to try the Rule 27.26 motion. Appellant claims that beyond jurisdiction, the venue was improper because the motion *must* be heard in the circuit in which movant-appellant was convicted. He therefore concludes, in a rather ingenious argument, that the Court's order transferring Judge Brown was in effect a Special Rule of Court that had not been published for six months as required by Art. V, Sec. 5 [1] of the Missouri Constitution, and was thereby void and without lawful authority.

While the Court applauds the resourcefulness of appellant's allegation, it will be rejected. Rule 27.26(a) merely dictates that a post-conviction Rule 27.26 motion be *filed* with the court which imposed the sentence, and does not provide further. Case law [2] has made clear that jurisdiction lies in the court that imposed sentence—the 22nd Circuit in the cause before us. The Order of this Court transferring Judge Brown, a judge of the 22nd Circuit, stated that he was empowered to hear appellant's motion "in whole or in part in the courthouse in the City of St. Louis or the courthouse in Cole County at the discretion of the judge." This language makes it obvious that the Court did not remove this cause from the hands of the judges of the 22nd Circuit; instead, it merely extended their judicial authority to include the right to hold a hearing in a courtroom outside the City of St. Louis. Appellant's motion was heard by a judge of the 22nd Circuit, and as such, the jurisdiction was proper.

■ Having determined that jurisdiction properly rested with the trial court, we consider appellant's contention that venue was improper. This contention is premised upon the language in the *Committee Notes-1980* to Rule 27.26, which states that the

---

1. Section 5. The supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law. The rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, the right of trial by jury, or the right of appeal. The court shall publish the rules and fix the day on which they

take effect, but no rule shall take effect before six months after its publication. Any rule may be annulled or amended in whole or in part by a law limited to the purpose. Mo.Const. 1945 (as amended, 1976).

2. *State v. Thompson*, 324 S.W.2d 133, 135 (Mo. banc 1959); *State ex rel. Reece v. Campbell*, 551 S.W.2d 292, 296 (Mo.App.1977).

motion be filed in the court which imposed sentence, "where the records are and most of the witnesses would ordinarily be located." Appellant states that certain subpoenaed witnesses did not attend the hearing who, had it taken place in St. Louis, would have attended. Appellant further argues that other unnamed witnesses could not be located from the penitentiary, yet if appellant had been brought to St. Louis, said witnesses could have been located by telephone.

We recognize that the underlying purposes of our Rule 27.26 procedures includes the geographic convenience of possible witnesses. Nevertheless, we are of the opinion that the filing requirement was founded more accurately upon the sentencing court's retention of the records of the trial in question. We hold that the procedure which contemplates a Rule 27.26 motion being filed in the sentencing court was not designed solely to protect any individual rights or interests of the movant, but to satisfy a matter of convenience and proximity to court records. As such, no substantive rights were involved and Art. V, § 5, Mo.Const., is inapplicable.

In any event, we have not been presented with evidence of any prejudice suffered by appellant resulting from the hearing being held in Cole County. We note that the absent witnesses were members of appellant's family; that counsel for appellant had seen these witnesses but the night before the hearing; and that said witnesses had been served with subpoenas.

Before this Court, appellant's counsel presented the argument that he did not compel the witnesses' attendance because he viewed the entire hearing (in Cole County) as invalid—yet if the hearing is viewed as valid, he was denied the means by which

to prove his allegations since his witnesses were not present. It is mere speculation on appellant's part to believe the witnesses would have been in attendance had the hearing been held in St. Louis as appellant could do no more to command their attendance there than in Cole County. Appellant, therefore, was not judicially denied his right of oral examination of witnesses, in contradiction of Art. V, § 5, Mo.Const.

Reference his claim that he needed to be in St. Louis to "telephone around" to locate additional witnesses, appellant did not explain to the Court why parties could be contacted by phone in St. Louis though not from the Missouri State Penitentiary. Implicit in this allegation is the cost factor of long distance calls from Cole County to St. Louis. However, should these witnesses have been susceptible to phone calls, they need not have been made by appellant alone. Friends, relatives, or counsel should have had the same ability to use the telephone as does appellant.

As an observation, we direct consideration to § 544.275, RSMo 1978 (Supp.1982),[3] which hereafter permits the judge, at his discretion, to hold similar hearings within the correctional facility of which an appellant (or any movant) is being held. We believe this is evidence of a heightened awareness on the part of our elected representatives that many of those requesting a hearing on a Rule 27.26 motion are of sufficient risk to preclude their exiting the penitentiary.[4] By analogy, we find no error in having authorized a similar, yet less restrictive, procedure which did not affect the substantive rights or interests of the movant.

We must comment further upon the procedural aspects of this cause. Once it

---

**3.** 1. When a person committed to the department of corrections is a defendant at a preliminary hearing, or pretrial or posttrial motion or proceeding, or the movant in a postconviction proceeding, such proceeding may in the discretion of the judge be heard within a facility of the department of corrections.

2. Jury trials shall not be heard within a facility of the department of corrections.

**4.** "One commentator has stated that the sole reason for filing many rule 27.26 motions is to get the prisoner out of the penitentiary for a brief visit back to the sentencing court." Lewis, *Rule 27.26: A Practical Guide for the Prosecutor*, 45 UMKC Law Review 366, 367 (1977), citing Pelofsky & Purdon, *Rule 27.26: A Study in Post-Conviction Remedies*, 39 UMKC Law Review 1, 12 (1970).

was stipulated that appellant was denied his right to appeal, the inquiry should have been at an end. By resentencing appellant, his appeal or potential appeal was pending and any additional allegations under Rule 27.26 were not cognizable thereafter. *Gibson v. State*, 536 S.W.2d 506 (Mo.App.1976); *Maupin v. State*, 536 S.W.2d 507 (Mo.App. 1976). "Until the direct appeal has been disposed of, there is no certainty that the judgment and sentence will be affirmed, and we felt that it creates an unnecessary burden to have parallel proceedings directly appealing from the sentence and conviction and at the same time making a collateral attack thereon." Finch, *Post Conviction Proceedings Under Missouri Supreme Court Rule 27.26*, 50 F.R.D. 437, 440 (1971). We find no need to approve such duplicity of effort at this time. Jurisdiction to hear appellant's appeal from his robbery conviction rests in the Court of Appeals, Eastern District.

The judgment entered in the Rule 27.26 proceeding is affirmed.

The appeal from the judgment entered in the robbery cause, and all records therein, are hereby transferred to the Eastern District of the Court of Appeals pursuant to Art. V, § 11, Mo.Const., 1945 (amended 1976).

DONNELLY, C. J., and RENDLEN, WELLIVER, HIGGINS and BARDGETT, JJ., concur.

SEILER, J., concurs in separate concurring opinion filed.

SEILER, Judge, concurring.

I agree with the principal opinion that "[o]nce it was stipulated that appellant was denied his right to appeal, the inquiry should have been at an end. By resentencing appellant, his appeal or potential appeal was pending and any additional allegations under Rule 27.26 were not cognizable thereafter." Hence, all that is said in the opinion about the 27.26 hearing is no more than dicta. I point this out because the opinion speaks about appellant being denied nothing of consequence when the 27.26 hearing

was transferred to Jefferson City and his St. Louis witnesses failed to appear, as it is said appellant could do no more to command their appearance in St. Louis than in Jefferson City. This overlooks the fact that poor persons do not have the money to travel from St. Louis to Jefferson City to testify and under Rule 26.02(d) fees and mileage need not be tendered to a witness in a criminal case. So moving the 27.26 hearing to Jefferson City effectively denies appellant the benefit of his witnesses. This, in my opinion, will have to be dealt with sooner or later, if 27.26 hearings are to be held at locations remote from the court where the conviction occurred. As I say, what is said on the subject in the present case is dicta, does not settle the matter, and I do not subscribe to it.