STATE of Missouri, Respondent,

v.

**Richard W. SHIELDS, Appellant.**

**No. WD 33276.**

Missouri Court of Appeals,
Western District.

Aug. 17, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 5, 1982.

David M. Strauss, Public Defender, Russell C. Still, Asst. Public Defender, Columbia, for appellant.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and WASSERSTROM and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for two counts of attempted robbery, first degree in violation of § 564.011, RSMo 1978. Sentence was imposed pursuant to § 558.016 RSMo 1978. The judgment is affirmed.

Three points are presented which in summary charge the trial court erred (1) in overruling appellant's objection to the filing of an amended information, (2) in admitting evidence that appellant pointed a weapon at a police officer after the two counts of attempted robbery had been severed from one count of exhibiting a deadly weapon, and (3) in sentencing appellant as a persistent offender because there was no evidence appellant had been represented by counsel at each stage during the previous conviction proceedings.

The sufficiency of the evidence is not challenged so the pertinent facts which support the jury's verdict are summarized. On July 8, 1981, appellant entered the Holiday Inn West, in Columbia, Missouri. He placed a travel bag on the motel lobby desk and ordered the clerk to fill it with money. He pointed and held a sawed-off .410 shotgun on the clerk. Another clerk was at the end of the lobby desk. In the meantime the motel manager, aware of some disturbance, proceeded toward the desk area from his office. He also observed appellant holding the shotgun. The clerks refused to give appellant any money. People were entering and departing the lobby area. Appellant backed away from the desk, turned toward a hallway area and confronted a customer. This customer backed into the entranceway of a cocktail lounge. Two other witnesses, intending to enter the lobby from the outside, observed appellant with the shotgun. These two ran back to their car thinking to get help and moments later they observed an automobile speeding out of the motel driving area. A police officer had received a dispatch of the robbery which included a physical description of the person and vehicle. This officer in-

tercepted appellant on the roadway, gave chase and after appellant drove into a dead-end street the officer blocked his escape route. The officer drew his revolver and demanded appellant surrender. Appellant more than once pointed the shotgun at the officer. The officer fired his revolver and a few moments later appellant surrendered. One of the clerks and the manager were taken to the location where appellant was apprehended and both made a positive identification of appellant as the one who attempted the robbery. Appellant offered no evidence. The jury returned its verdict. A hearing was held upon sentencing pursuant to § 558.016, *supra,* and sentence pronounced. This appeal followed the denial of appellant's motion for acquittal or in the alternative for a new trial.

Under point (1) appellant contends the trial court erred in overruling his objection to the filing of an amended information.

By information, appellant was charged with two counts of attempted robbery, first degree, a Class B felony, § 564.011, RSMo 1978, and a single count of exhibiting a deadly weapon in a rude, angry and threatening manner, a Class D felony, § 571.115, RSMo 1978. Appellant filed a motion to sever the count of exhibiting a deadly weapon (§ 571.115) and his motion was sustained. Trial commenced September 15, 1981. The morning of trial, respondent moved to amend the information and the request was granted over appellant's objection. The only amendment to the information, in addition to the above three counts, was to charge appellant with being a persistent offender (§ 558.016, *supra* ).

Appellant's complaint is he was not afforded a preliminary hearing upon the charge as a persistent offender. Appellant concedes this issue has been ruled upon to the favor of the prosecution in prior decisions, *State v. Shumate,* 516 S.W.2d 297, 299 (Mo.App.1974), *State v. Lockart,* 501 S.W.2d 163, 165 (Mo.1973), and *State v. Pfeifer,* 544 S.W.2d 317, 319 (Mo.App.1976), but argues the law as ruled in these prior decisions must be reexamined in light of *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). It is appellant's contention that the rule in *Baldasar,* supra, should be extended to cover instances involving an amendment to an information to include a charge as a persistent offender. *Baldasar,* supra, addressed the situation where the accused was found guilty of a misdemeanor theft (May, 1975) and then later (November, 1975) charged with theft. The second offense would have been a misdemeanor except the prosecution introduced evidence of the prior conviction and pursuant to the Illinois enhancement statute charged the accused as a felon. The record before the United States Supreme Court in *Baldasar* revealed the accused was not represented in the first proceeding and based thereon reversed the second conviction. It is contended by appellant that *Baldasar* places upon the prosecution the burden of showing an accused was represented by counsel before application of an enhancement statute. This court does not read nor interpret *Baldasar* as requiring a preliminary hearing upon an allegation that an accused is a persistent offender. This precise point was ruled in *State v. Wooten,* 606 S.W.2d 810 (Mo.App., 1980), where the court stated:

> "There is no merit in this point because the amended information did not change the charge against the defendant but simply added allegations of prior convictions. 'An amendment which invokes the second offender act does not charge an offense different from that originally charged' "

Appellant's point (1) is ruled against him upon a finding that *Baldasar, supra, does not* require a preliminary hearing upon an amendment to an information for the purpose of including the allegation that an accused is a persistent offender. In line with that conclusion, it follows there is no need or justification for a reexamination of the law on this issue. The rule as announced in *Wooten, Shumate, Lockart,* and *Pfeifer, supra,* not only serves as sound precedent for the court, but is in harmony with the consensus of affording a fair trial to persons charged with criminal conduct.

Under point (2) appellant contends it was error for the court to have admitted testimony by the arresting officer that at the time of his arrest appellant pointed the .410 sawed-off shotgun at the officer. Appellant argues this was evidence of another crime and since the court had "severed" Count III (exhibiting a deadly weapon in a rude, angry and threatening manner) it was error to allow any such testimony.

The record reveals that appellant filed a Motion in Limine prior to trial, which in part included a request to prohibit "any evidence of defendant pointing a shotgun at Officer White of the Columbia Police".

The trial court overruled the above-quoted portion of appellant's Motion in Limine. It is appellant's contention that this ruling was error because such evidence was evidence of another crime. Appellant cites to the court the rule in *State v. Hudson,* 521 S.W.2d 43, 45 (Mo.App.1975), which holds:

"Proof of the commission of separate and distinct crimes is not admissible unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial."

The court in Hudson, went on to point out five exceptions to the above rule:

(a) motive, (b) intent, (c) absence of accident or mistake, (d) common scheme or plan, and (e) identification of the party charged.

It is appellant's contention that evidence of his pointing the .410 sawed-off shotgun at the officer at the scene and time of his arrest did not tend to show any of the five noted exceptions relative to the charges of attempted robbery. From this, appellant argues the general rule in *Hudson* thus applies and the court erred in overruling that portion of his motion in limine and in the admission of testimony regarding his pointing of the shotgun at the officer.

Appellant would have this court apply a very narrow construction to the rule in *Hudson* and the noted exceptions therein. The instant case more properly falls under the rule and the factual circumstances found in *State v. Kilgore,* 447 S.W.2d 544,

547 (Mo.1969). In Kilgore the accused was fleeing the scene and fired shots at the police. Our state Supreme Court rejected the contention that such evidence was erroneously admitted as evidence of another crime and stated, "... unexplained flight in resisting arrest is evidence a jury may consider as evincing consciousness of guilt". See also *State v. Thomas,* 625 S.W.2d 115, 128 (Mo.1981).

As noted from the summary of facts above, the officer pursued appellant by patrol car at high speed for some distance after a first encounter near the scene of the attempted robbery. This pursuit ended with appellant driving into a dead-end street, a brief standoff between appellant and the officer during which appellant pointed the shotgun at the officer and the officer fired a shot at appellant. This court concludes such evidence was admissible as "evincing consciousness of guilt", *Kilgore, supra,* and the fact that such evidence incidentally proved appellant guilty of another offense did not render such evidence inadmissible. *State v. Holbert,* 416 S.W.2d 129, 132 (Mo.1967).

There is no merit to appellant's point (2) and it is ruled against him.

Under his final point (3) appellant charges the trial court erred in finding appellant to be a persistent offender (§ 558.-016 RSMo.1978), because there was no evidence appellant had been represented by counsel throughout the proceedings regarding the *two prior convictions in the State of Illinois.* Appellant advances *Baldasar,* supra, as mandating such representation at *every stage* of the prior proceedings.

The record reveals appellant (in the Illinois proceeding) pleaded guilty to the charges. The records (admitted as evidence in the present proceedings) reveal appellant *was* represented by counsel upon the entry of his guilty pleas. This court concludes the rule in *Baldasar* has been met under the facts and circumstances of the instant case. As noted, the Illinois proceedings (which served as the basis for the sentencing in this case pursuant to § 558.-

016, *supra*), were pleas of guilty. It is not required that respondent supply the entire record of prior proceedings. *State v. Quinn,* 594 S.W.2d 599 (Mo. banc 1980). In the case of *State v. Brown,* 476 S.W.2d 519, 523 (Mo.1972), our state Supreme Court held that where an accused was at the time of sentencing represented by counsel, such representation was sufficient to sustain the use of a prior conviction for purposes of sentencing an accused as a persistent offender. This question has been precisely ruled in *State v. Goree,* 633 S.W.2d 758 (Mo.App.1982).

There is no merit to appellant's point (3) and it is ruled against him.

The judgment is affirmed.

All concur.