STATE of Missouri,
Plaintiff-Respondent,

v.

Bernard J. MEEKS, Defendant-Appellant.

No. 46030.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 30, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Oct. 12, 1983.

Application to Transfer Denied
Nov. 22, 1983.

Springfield Baldwin, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

The Defendant was convicted of robbery in the first degree and was sentenced in accordance with the jury verdict to 25 years imprisonment. Defendant filed a motion pursuant to Rule 27.26 alleging, inter alia, ineffective assistance of counsel for failure to file an appeal.

On such ground, his conviction and sentence were set aside by the Circuit Court, and a new judgment and sentence were imposed in accord with the jury verdict. Defendant appealed the outcome of the 27.26 hearing as well as the robbery conviction to the Supreme Court, which resolved the 27.26 issues, *State v. Meeks,* 635 S.W.2d 14 (Mo.banc 1982), and transferred the case to this court for review of defendant's allegations of error relating to the conviction.

The sufficiency of the evidence to support the robbery conviction is not at issue. Defendant was arrested for the December 15, 1972 robbery of Wolff Motors in St. Louis. While awaiting trial, defendant twice escaped custody in 1973 and 1974. Defendant's points of error concern the testimony of Earl Robertson, the chief deputy sheriff in charge of security, as to defendant's June 25, 1974 escape from Homer Phillips Hospital. This testimony was in part as follows:

Q (By Mr. McCartney) [attorney for state] Then what, if anything, did Mr. Meeks do?

A They got my arm, chocked [sic] me, took a thing off the bed. They beat my back. I had my hands covering my head. They broke my glasses. My lower teeth were knocked out. My clothes were torn off. My shoes were gotten off me.

MR. GUBERMAN [attorney for defendant]: Objection, Your Honor. Same objection, it's evidence of other crimes.

THE COURT: Objection will be overruled.

Q (By Mr. McCartney) Go ahead.

A They beat on me for thirty minutes. It was thirty minutes until anybody came in.

Q And then what, if anything, happened to Mr. Meeks? Did he remain there or what happened?

A Meeks left.

Defendant asserts that the admission of such testimony constituted error in several respects. He claims that at the time of the escape he was charged with a crime in addition to the robbery and, thus, the escape may have shown consciousness of guilt of a crime other than the one of which he was ultimately convicted. Moreover, he was also serving a fifteen year sentence for a wholly different crime when he escaped, and, so he argues, he may have simply wanted to avoid the balance of that sentence. We find no merit in these contentions.

■ That a prisoner escapes or attempts to escape while waiting trial is generally admissible on the issue of guilt at trial. *State v. Sprous,* 639 S.W.2d 576, 578 (Mo.1982); *State v. Biddle,* 599 S.W.2d 182, 194 (Mo.banc 1980). That the defendant may have had motives other than avoiding the consequences of a particular trial or a particular charge may be considered by the jury in giving weight to the matter of defendant's consciousness of guilt of the charge for which he is then on trial. *State v. Hughes,* 596 S.W.2d 723, 730 (Mo.banc 1980); *State v. Pickett,* 642 S.W.2d 703, 705 (Mo.App.1982). Evidence of his escape need not have been excluded for any of these reasons advanced by defendant.

■ Defendant also contends that admission of the evidence of his escape also was error because it constituted evidence of another, unrelated crime, i.e., an assault upon witness Robertson. So it does, but it is obvious that the assault was part of the res gestae of the escape. Admission of the testimony as to how defendant's escape was effected was proper. *State v. Triplett,* 620 S.W.2d 398, 399 (Mo.App.1981).

■ Defendant's final points focus on his trial counsel's cross examination of Deputy Robertson:

Q You hate Mr. Meeks, don't you?

A No, I don't hate him. I feel sorry for him. I don't hate him.

Q You would like to see him convicted of this crime—

MR. McCARTNEY: Objection, immaterial.

THE COURT: Overruled.

Q (By Mr. Guberman) You would like to see him convicted of this crime, but you don't know anything about that robbery, do you?

A What robbery? I'm talking about escape at the hospital.

Q Are you aware that we're hear [sic] trying a case of a robbery?

A Yes.

Q And you would like to see him convicted of this robbery?

A No comment.

Q No comment. Do you wish to take the Fifth Amendment?

A  No.

Q  Your Honor, will you instruct the witness to answer the question.

THE COURT: Your request will be overruled.

Q  (By Mr. Guberman) You don't wish to answer?

A  He should be convicted. He is a dangerous man. Let's put it that way, and I know I'm under oath.

Invoking the plain error rule, defendant argues that the foregoing portion of the transcript contains two trial errors, each of which warrants a new trial. The first occurred, according to defendant, when the trial court refused to instruct the witness to answer; the second when the witness did answer. The first claim falls of its own weight. Regardless of whether the witness should have been so instructed, the fact is that he did answer. The court's refusal to order the witness to answer could in no way have prejudiced defendant.

When defense counsel's persistence brought about an answer, he moved for a mistrial which the trial court denied. Counsel then asked that the testimony of the witness be stricken in its entirety "because of his refusal to answer the questions of counsel on cross examination." This was hardly a cogent ground for the relief sought, for it was the very answer of the witness that precipitated it. The principle is well settled with respect to closing arguments that, "(t)he defense may not provoke a reply to his own argument and then assert error." *State v. Kirksey,* 528 S.W.2d 536, 538 (Mo.App.1975); *State v. Grady,* 649 S.W.2d 240, 245 (Mo.App.1983). The same rule must prevail where, as here, defense counsel invited to the point of provocation an expectable response on cross examination. In the side-bar conference which followed, the trial judge told defense counsel that the witness' response "was what you asked for." We agree and perceive no error in the trial court's denial of the motion for a mistrial.

The judgment is affirmed.

SIMON, P.J., and SATZ, J., concur.