STATE of Missouri, Respondent,

v.

Kent Leroy SCOTT, Appellant.

No. 47621.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 29, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 26, 1985.

Application to Transfer Denied
April 30, 1985.

Henry B. Robertson, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

STEWART, Judge.

Defendant, Kent Leroy Scott, was convicted by a jury of capital murder and two counts of first degree robbery. He was sentenced as a persistent offender to two terms of thirty years and one term of life imprisonment to run concurrently.

On appeal defendant contends that (1) the trial court erred by admitting into evidence the circumstances surrounding defendant's arrest, including flight from police, resistance of arrest and possession of a handgun, because they were too remote from the crime charged to be material or have any probative force. (2) The trial court erred in admitting into evidence a .38-caliber revolver because the gun was not related to the offenses for which the defendant was on trial, and its prejudicial impact as a physical exhibit was disproportionate to its usefulness. (3) The trial court erred by sustaining the State's objection to defendant's question on cross-examination of whether the identifying witness,

Rosemarie Brown, had ever been mistaken in identifying anyone because it was relevant, material and tested the credibility of the witness and the believability of her identification.

We view the evidence in the light most favorable to the jury verdict. At about 2:30 a.m. on July 29, 1982, Rosemarie Brown and Grafton Bradford were sitting near Bradford's parked car in O'Fallon Park in St. Louis, when defendant and another man approached them. Defendant had a gun. The other man remained in the dark by a tree. Defendant ordered Bradford and Brown to disrobe. Bradford replied, "Well man, you're going to have to shoot me," and ran from the scene. The defendant fired his gun twice. One bullet passed through Bradford's midsection mortally wounding him. The assailants then took off in Bradford's car which contained Brown's purse.

Ms. Brown subsequently identified defendant from a photograph and the police periodically searched for him at various locations. On December 11, 1982, defendant was observed by police driving a car in downtown St. Louis. The police followed the vehicle at which time the defendant turned the wrong way down a one-way street, accelerated to high speed and violated two stop signs and a traffic signal. Defendant lost control of his car and struck a fence. The police then pursued defendant on foot. The police caught him crouched behind a dumpster. He resisted arrest and after subduing him they placed him under arrest. A revolver was found alongside the dumpster at a point where defendant had been caught. At that time defendant was arrested for traffic offenses and eluding arrest.

■ Generally the circumstances of defendant's arrest can be presented when they have probative value in establishing guilt. Whether from the scene or elsewhere unexplained flight is relevant and admissible as indicating consciousness of guilt if the purpose of the flight is to avoid arrest or prosecution. Remoteness from the scene and time goes to the weight of

the evidence not its admissibility. *State v. Cotton,* 621 S.W.2d 296, 300 (Mo.App.1981). In the present case when defendant saw the police officer looking toward him he turned the wrong way into a one-way street, accelerated, took evasive action and resisted when apprehended.

Defendant argues that he could have been fleeing because of crimes other than those involved in this action. The terse answer to this contention is that "one may flee to avoid arrest for more than one offense." *State v. Nienaber,* 347 Mo. 615, 148 S.W.2d 1024, 1027 (1941); *State v. Hamilton,* 569 S.W.2d 350, 351, 352 (Mo. App.1978).

Defendant then argues that the evidence of flight was inadmissible because it tended to show unrelated crimes. The answer to this issue is found in *State v. Triplett,* 620 S.W.2d 398, 399 (Mo.App.1981). The court held that flight tending to show guilt was admissible although it may incidentally show other crimes.

■ Closely related to the above issues defendant next contends that it was error to admit the revolver into evidence as an exhibit for the additional reasons that it had a prejudicial impact as a physical exhibit disproportionate to its usefulness; it was not shown to have any relation to the offenses for which defendant was being tried and its exhibition to the jury was not probative of any issue in the case but was merely inflammatory.

Defendant's cases cited in support of these are inapposite primarily because they did not involve flight and resistance of arrest.

In the present case, defendant fled from the police, when apprehended he resisted arrest. The gun was found at the point where he was arrested. At the time the gun was introduced into evidence it was stipulated that the exhibit was not the gun used in the commission of the crimes charged.

It is generally held that such a weapon may be introduced into evidence even though it is unrelated to the crime charged

when the defendant attempts to evade or resist arrest, or escape. It serves to show that defendant may have contemplated resistance to arrest and such resistance is relevant to show consciousness of guilt. *State v. Davis*, 535 S.W.2d 259, 260 (Mo. App.1976); *State v. Rezabek*, 584 S.W.2d 430, 434 (Mo.App.1979). In this case not only did defendant seek to evade arrest he resisted arrest. We find no error in the admission of the gun into evidence.

Defendant finally claims that the trial court erred in sustaining the State's objection when defendant on cross-examination asked Ms. Brown, "... have you ever—to your knowledge, have you ever been mistaken in identifying anyone?"

While great latitude is to be allowed in cross-examination the trial court is given wide discretion in controlling the extent of cross-examination, especially with respect to collateral matters. *State v. Johnson*, 486 S.W.2d 491, 496 (Mo.1972).

■ The question here was extremely broad and was collateral to the issues in the case. As noted by the trial court, any prior mistaken identification would have required further inquiry as to the then age of the witness, the circumstances as to distance and lighting and other opportunities of observation. The Supreme Court found no error where an objection to a similar but more confining question was sustained in *State v. Booker*, 631 S.W.2d 854 (Mo.1982). The witness here was subjected to a vigorous and extensive cross-examination by competent counsel. We find no prejudicial error.

Judgment affirmed.

SIMON, P.J., and STEPHAN, J., concur.