STATE of Missouri, Respondent,

v.

Richard Duane BROWN, Appellant.

No. 13660.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 13, 1986.

Motion for Rehearing and Transfer to Supreme Court Denied Sept. 3, 1986.

Application to Transfer Denied
Oct. 14, 1986.

M. Elise Branyan, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

Richard Duane Brown ("defendant"), found guilty by a jury of the class C felonies of burglary in the second degree, § 569.170, RSMo 1978, and stealing property of the value of $150 or more, § 570.030, RSMo 1978, was sentenced as a persistent offender by the trial court, §§ 558.-016–.021, Laws 1981, pp. 636–37, to ten years' imprisonment for each offense. The sentences were ordered to run consecutively to each other and consecutively to a sentence in another case.

On appeal to this Court, defendant contended that (a) the trial court erred in receiving in evidence certain items seized pursuant to a search warrant, (b) the evidence was insufficient to support a finding of guilty of either offense, and (c) the trial court, in finding him to be a persistent offender, erroneously relied on a conviction "that had been previously declared invalid."

We determined that contentions "(b)" and "(c)" supplied no basis for disturbing the judgment, but that contention "(a)" required reversal because the original and all copies of the application for the search warrant had been misplaced, lost, or destroyed by local officials through no fault of defendant, hence it was impossible to determine, on appeal, whether the application and its supporting affidavits, if any, demonstrated probable cause for issuance of the warrant. However, we ordered the case transferred to the Supreme Court of Missouri for the purpose of reexamining the existing law regarding the Missouri

exclusionary rule as applied in *State v. Hunt,* 280 S.W.2d 37 (Mo.1955).

The Supreme Court, in a decision filed April 15, 1986, rejected defendant's contention "(a)," and held that the trial court did not err in receiving the challenged evidence. *State v. Brown,* 708 S.W.2d 140 (Mo. banc 1986). Having decided that, the Supreme Court retransferred the case to us for disposition of defendant's contentions "(b)" and "(c)." *Id.* at 147.

We deal first with defendant's challenge to the sufficiency of the evidence. A summary of the evidence, viewed in the light most favorable to the State and giving the State the benefit of all reasonable inferences to be drawn therefrom, *State v. Guinan,* 665 S.W.2d 325, 327 (Mo. banc 1984), appears in the Supreme Court's principal opinion, authored by Rendlen, J., and need not be repeated here. We mention only such additional evidence as is necessary to discuss the sufficiency issue. Consequently, our opinion must be read in conjunction with 708 S.W.2d at 141–142.

Exhibit 6, the list of items identified by witness Lightle, included, besides Exhibits 2 through 5, approximately 70 different types of items.

Defendant maintains that even if it be assumed that all of the merchandise "positively" identified by Lightle had in fact come from the hardware store in Weaubleau, his (defendant's) possession of those items two and a half months after they were allegedly stolen does not support an inference that he unlawfully entered the store for the purpose of stealing, nor does it support an inference that he was the person who committed the theft.

We disagree.

■ An inference of guilt is permissible from the unexplained possession of property recently stolen in a burglary, and the inference exists as to both the burglary and the stealing. *State v. Arnold,* 566 S.W.2d 185, 188[4] (Mo. banc 1978); *State v. Cobb,* 444 S.W.2d 408, 414[9] (Mo. banc 1969). Such evidence is sufficient to support a submission of both the burglary and

the stealing. *State v. Miller,* 499 S.W.2d 496, 499[4] (Mo.1973).

In regard to how "recent" the theft must have been in order to support the inference, a period of 8 to 10 weeks was held sufficient in *State v. Whaley,* 512 S.W.2d 431 (Mo.App.1974), where the accused had exclusive and unexplained possession of three travelers' checks which were some, but not all, of the items stolen in a burglary.

In the instant case, there was no testimony that anyone except defendant was occupying his residence at the time the stolen items were found there, nor was there any evidence that anyone else had a key to the locked room where they were stored. There was likewise no explanation as to how the stolen items had come into defendant's possession. A large number of the tools remained unopened in their original packages, and in many instances Kennedy found several units of a single type. Lightle testified that defendant had never bought any merchandise in the Weaubleau store.

An insurance agent, called as a witness by defendant, testified that he (the agent) was at defendant's residence on or about August 22, 1981, to issue defendant a "householder's policy," and that he observed a large quantity of small hand tools, some in their original packages and all appearing to be new. Defendant, according to the agent, took out a "floater policy" on the tools. Even if it be assumed that some of the tools seen by the agent were the ones stolen in the Weaubleau burglary, the agent's testimony obviously constituted no explanation of how defendant had acquired them.

■ We hold the evidence sufficient to support the jury's findings of guilty of both offenses.

Defendant's final assignment of error is that the trial court, in finding him to be a persistent offender, improperly relied on a 1960 Iowa conviction that had subsequently been declared invalid in 1980 by the United

States District Court for the District of Nevada.

At the persistent offender hearing in the trial court, defendant's only objection to the Iowa conviction was that the record thereof showed that defendant "was not adequately represented by counsel." That objection was based on the Iowa judgment which showed that defendant was charged with robbery with aggravation, that he appeared in person without counsel, that counsel was appointed to represent him, that defendant appeared with counsel and entered a plea of guilty, that defendant requested that immediate sentence be pronounced (which it was), and that all of this occurred on the same day.

■ Although defendant has failed to supply us a copy of, or citation to, the decision of the federal court in which the declaration of invalidity was allegedly made,[1] we do not base our disposition of this point on that omission. As noted above, defendant's only objection in the trial court was that the Iowa record showed he was not adequately represented by counsel; defendant did not object in the trial court that the Iowa conviction had been declared invalid by the federal court. A point on appeal must be based upon the theory voiced in the objection at trial, and an accused cannot expand or change on appeal the objection as made. *State v. Cannady*, 660 S.W.2d 33, 37[6] (Mo.App. 1983); *State v. Dobsch*, 655 S.W.2d 840, 841[1] (Mo.App.1983). Defendant's trial objection did not preserve for appellate review the point he asserts here.

■ Moreover, we note that even if defendant had based his assignment of error here on the same grounds as his trial objection, the assignment would have been unavailing. The Iowa judgment showed that defendant was represented by counsel at the entry of his guilty plea and sentencing. This was sufficient to sustain the use of that conviction for the purpose of finding defendant to be a persistent offender.

1. According to defendant, the declaration was made on remand following *Brown v. United*

*State v. Shields*, 641 S.W.2d 125, 128–29[4, 5] (Mo.App.1982). Furthermore, as defendant presented no evidence to the trial court to support his assertion that he was ineffectively represented in the Iowa case, he cannot prevail here on that theory. *State v. Quinn*, 594 S.W.2d 599, 602–03[7] (Mo. banc 1980).

Judgment affirmed.

PREWITT, P.J., and HOGAN, FLANIGAN and MAUS, JJ., concur.

*States*, 610 F.2d 672 (9th Cir.1980).