STATE of Missouri, Respondent,

v.

Charles ROBINSON, Appellant.

No. WD 37838.

Missouri Court of Appeals,
Western District.

Jan. 13, 1987.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
March 3, 1987.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and DIXON and TURNAGE, JJ.

GAITAN, Presiding Judge.

Defendant-appellant Charles Robinson appeals from a conviction by jury for the class A felony of robbery in the first degree in violation of § 569.020, RSMo 1978. Defendant was determined to be a prior offender and was sentenced to life imprisonment. Robinson appeals his conviction alleging as trial court error (1) failure to grant a continuance following the filing of an amended information charging defendant as a prior offender, (2) failure to exclude evidence of defendant's escape from the Clay County jail and (3) failure to sustain defendant's objection to the in-court identification of defendant because it was tainted by a suggestive pre-trial line-up. The judgment of the trial court is affirmed.

Charles Robinson was charged by way of an indictment on May 26, 1982 with the class A felony of robbery in the first degree. On March 18, 1985, a substitute information for indictment further served to charge defendant as being a prior offender, alleging that on February 21, 1985 defendant had been found guilty of felony robbery in Johnson County, Kansas. On September 30, 1985, a second amended in-

formation was filed, charging defendant as being a prior offender and substituting, in place of defendant's Kansas conviction, a conviction entered against defendant for second degree burglary and stealing on February 14, 1978 in Jackson County, Missouri. The case went to trial before a jury, and the defendant was found guilty.

The sufficiency of the evidence to sustain defendant's conviction is not in dispute. At 4:30 p.m. on May 18, 1982, defendant, armed with a large handgun, entered the Turpin Prescription Shop at 2022 Swift in North Kansas City, whereupon he said "I want your drugs" and handed the owner of the pharmacy, Wally Johnson, a sack. Johnson complied with the demand, filling the sack with class II drugs from the store safe. Johnson testified that he got a good look at the robber's face from a distance of two arm lengths.

Vivion Walters, an employee of the store working in the back room, was called to the front of the store. There she viewed defendant standing in a corner of the store holding a gun. Walters viewed defendant for what she estimated at trial to be five or ten minutes, and was about eight to ten feet away.

Both Johnson and Walters gave descriptions of defendant and each identified him in court as being "without a doubt" the man who had committed the robbery.

Also presented at trial was evidence of defendant's escape from the Clay County jail on April 7, 1985 while awaiting trial on the charges herein. He was not returned to custody until June 23, 1985.

Robinson's defense may be summarized as follows. First, he relied upon the fact that his fingerprints were not found on the front door of the pharmacy. Second, an officer Steffen testified that he showed a witness to the robbery, Sandra Ruble, a series of photographs from which she identified the picture of another man as being the man who "might" have been at the robbery. Ms. Ruble did not testify at the trial. Finally, there was testimony that defendant had tatoos on his arm and neck. Defendant argues that since there was no testimony by any of the witnesses who identified him as to the tatoos on his body, he was innocent. However, there was also testimony that he wore a long sleeve shirt during the robbery.

The jury found defendant guilty of robbery in the first degree. Since defendant had been found to be a prior offender, the trial court sentenced defendant to life imprisonment. This sentence to run consecutive to prior sentences imposed in Florida, Kansas, and Missouri. Defendant brings this appeal from his conviction and sentence.

I.

■ Defendant first argues that the trial court erred when it permitted the prosecutor to file a second substitute information for indictment without granting his motion for a continuance. Since this action was taken on the morning of trial, defendant claims inadequacy of notice. However, the record reflects that defense counsel was aware of the state's proposed action five days earlier.

Missouri courts have consistently held that the prosecutor may, without violating Rule 23.08, add a charge that a defendant is a persistent offender. *State v. Shields*, 641 S.W.2d 125, 127 (Mo.App.1982); *State v. Goree*, 633 S.W.2d 758, 759 (Mo.App. 1982). The reasoning of the courts has been that an allegation that a defendant is a persistent offender does not affect the substance of the crime charged and is merely a procedural matter, allowing for the enhancement of punishment. Further, it is acceptable for the prosecutor to amend the information on the morning of the trial. *See State v. Shields*, 641 S.W.2d at 127; *State v. Goree*, 633 S.W.2d at 759.

■ Here, the amended information endorsed additional witnesses regarding defendant's escape as well as his prior offender status. The trial court has broad discretion in permitting the endorsement of additional witnesses on the information, and a judgment of conviction will not be reversed because the name of a witness was endorsed late unless it is shown that the defendant was thereby prejudiced.

*State v. Greathouse,* 627 S.W.2d 592, 595 (Mo.1982); *State v. Hutson,* 646 S.W.2d 822, 824 (Mo.App.1982); *State v. Cameron,* 604 S.W.2d 653, 658 (Mo.App.1980).

The fact that these endorsements came on the eve of trial does not in itself show prejudice. *State v. Cameron,* 604 S.W.2d at 658. Several factors are taken into consideration in determining whether the trial court abused its discretion in permitting the late endorsement of witnesses. These factors include whether the "defendant waived the objection; whether the state intended surprise or acted deceptively or in bad faith, with intention to disadvantage the defendant, ... whether in fact defendant was surprised and suffered any disadvantage ... and whether the type of testimony given might readily have been contemplated." (Citations omitted) *State v. Renner,* 675 S.W.2d 463, 464–65 (Mo.App. 1984), *quoting, State v. Stokes,* 638 S.W.2d 715, 719–20 (Mo. banc 1982), *cert. denied* 460 U.S. 1017, 103 S.Ct. 1263, 75 L.Ed.2d 488 (1983).

In the case at bar, the defendant does not claim "surprise" or that the state acted deceptively or in bad faith by endorsing the three officers to testify about his escape from the jail or even the change of the felony conviction to establish his prior offender status. Defendant's attorney was informed some five days prior to trial that the witnesses would be testifying.

■ Defendant contends that his request for a continuance should have been granted because he had alibi witnesses who were unavailable at the time of trial but whom defendant "anticipated" would be vital to his defense. Defendant advised the court that he was unable to locate the witnesses but that "[p]eople tell us that by midweek we should be able to come up with both of these witnesses."

The record indicates that this cause was originally set for trial for March 18, 1985. Continuances requested by defendant pushed the trial date back to September 30, 1985. The trial court's decision to deny a continuance will not be reversed on appeal absent a clear abuse of discretion. *State v. McLaurin,* 684 S.W.2d 570, 571 (Mo.App.

1984). An application for a continuance to secure the attendance of a witness must contain "facts showing reasonable grounds for a belief that the attendance or testimony of such witness will be procured within a reasonable time". Rule 24.10(b). Defendant did not show reasonable grounds for a belief that the attendance of the witness would be procured within a reasonable time. Defendant's request for a continuance was properly denied.

## II.

■ In his second claim of error, defendant argues that the trial court erred in admitting evidence of defendant's escape from the Clay County jail while awaiting trial. He argues that to admit such evidence would raise a presumption of a consciousness of guilt. Further, in order to rebut this defendant asserts he would have had to inform the jury of his convictions and sentences for other crimes in Florida and Kansas.

However, a prisoner's escape or attempts to escape while awaiting trial is generally admissible on the issue of guilt at trial. *State v. Meeks,* 659 S.W.2d 306, 307 (Mo. App.1983), citing *State v. Sprous,* 639 S.W.2d 576, 578 (Mo.1982), and *State v. Biddle,* 599 S.W.2d 182, 194 (Mo. banc 1980). In *Meeks,* the defendant claimed that the admission of evidence as to his escape was error because at the time of the escape he was charged with a crime in addition to the one for which he was then on trial. Thus, the escape may have shown consciousness of guilt of a crime other than the one for which he was ultimately convicted. Furthermore, the defendant argued that since he was also serving a fifteen year sentence for a wholly different crime when he escaped, he may have simply wanted to avoid the balance of that sentence. The court found no merit in these contentions and held that "[e]vidence of his escape need not have been excluded for any of these reasons advanced by defendant." *Meeks* at 307. We find the facts and rationale of the court in *Meeks* to be particularly applicable here.

A more recent analogy may be found in *State v. Scott*, 687 S.W.2d 592 (Mo.App. 1985). In *Scott*, evidence of a defendant's flight was permitted, despite the fact that defendant argued that he could have been fleeing because of crimes other than those involved in that action. The court answered that "one may flee to avoid arrest for more than one offense." *Id.* at 593, citing *State v. Nienaber*, 347 Mo. 615, 148 S.W.2d 1024, 1027 (1941).

The state is not responsible for defendant's committing prior crimes. The state is entitled to present evidence which is probative to the issue at hand, which it properly did in this case. Defendant is responsible for weighing whether he wishes to attempt to explain the reasons for his escape or permit the jury to view the evidence of his escape without his explanation. Defendant is not prejudiced by having to make this choice.

### III.

■ In his final point relied on, defendant claims that the trial court erred in overruling his motion to suppress the in-court identification testimony of witness Vivion Walters. Defendant claims that Walters' in-court identification testimony was based upon a pre-trial line-up during which Walters was allowed to converse with other robbery victims.

Defendant failed to preserve this point for appellate review. Therefore, review, if any, is limited to a determination of whether a miscarriage of justice occurred under the plain error standard set forth in Supreme Court Rule 30.20.

Reliability of the evidence, premised on the "totality of the circumstances", is a lynchpin to determine admissibility of identification evidence. *State v. Littleton*, 649 S.W.2d 225, 227 (Mo. banc 1983); *State v. Higgins*, 592 S.W.2d 151, 160 (Mo. banc 1979), appeal dismissed, 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980).

The day following the robbery, Walters was asked to view a "video lineup" at the Kansas City Police Department. Viewing the lineup at the same time were two or three women from Overland Park, apparently viewing for different purposes. When asked "[d]id anybody say I recognize him or something like that?", Mrs. Walters responded "[w]ell, this one lady from Overland Park recognized him because he jerked the ring off her finger." However, Mrs. Walters testified that nothing was suggested to her by any police officer or anyone else as to whom to pick out. However, at the motion to suppress hearing, Walters was asked on cross-examination:

Q: Is part of the reason why you're saying Mr. Robinson is the person based upon your having seen him in the lineup procedure? Do you recognize him from that procedure, from seeing him during the lineup?

A: I recognize him from being in the store and in the lineup.

Q: You're saying it's not at all based upon having seen him in the lineup at a subsequent time?

A: No.

During trial, Mrs. Walters identified defendant as the man who had robbed the pharmacy and stated that she was "absolutely sure" of it. She later said there was no doubt in her mind that appellant was the man who robbed the pharmacy.

The principles relevant to the admissibility of identification testimony were stated in *State v. Toney*, 680 S.W.2d 268, 275–76 (Mo.App.1984):

Thus, in considering the out-of-court identifications, a two-step analysis is required. *State v. Higgins*, 592 S.W.2d 151, 159 (Mo.1979). First, the police procedures are to be considered to determine if they are impermissibly suggestive. Second, if they are found to be impermissibly suggestive, then the inquiry turns to the reliability of the in-court identification. In determining reliability, the court looks at the "totality of the circumstances" including: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time

between the crime and the confrontation. *State v. Sanders*, 621 S.W.2d 386, 389 (Mo.App.1981).

*See also, State v. Littleton*, 649 S.W.2d 225, 227 (Mo. banc 1983).

Here, there was no evidence of suggestiveness on the part of the police to pick out defendant in the lineup. Further, Walter's testimony displays reliability under the "totality of the circumstances" test. She had ample opportunity to view the defendant during the time in which he was robbing the pharmacy, she accurately described defendant and the clothing he was wearing to the police, and she positively identified defendant as the robber when she viewed him the following day.

For the aforesaid reasons, the judgment of the trial court is affirmed.

All concur.