**STATE of Missouri, Respondent,**

v.

**Walter Allen CARLSON, Appellant.**

**No. WD 42410.**

Missouri Court of Appeals, Western District.

July 10, 1990.

Grant W. Smith, Cyril M. Hendricks, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and
LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

The appellant was jury convicted of the class C felony of second degree assault, § 565.060.1(3), RSMo 1986, and sentenced to five years as a persistent offender. This statute proclaims a class C felony for recklessly causing serious physical injury to another person. Under § 562.016.4:

> A person 'acts recklessly' or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

A "serious physical injury" is defined in § 565.002(6):

> "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

■ Although charged, appellant was found not guilty of second degree burglary. The facts favorable to the verdict are as follows: The victim, William A. Osman, lived in an apartment in Jefferson City with Robert Wheeler and Renee Evans. On May 7, 1988, Osman and a woman named Angela Smuda were standing on a back porch talking when the defendant came "flying up the alley in his car and squealed into the back parking area ... he jumped out of his car ... and ran in the house." The defendant ran upstairs to a bathroom to find Wheeler. Loud noises were heard and Wheeler was on the bathroom floor bleeding profusely, with the defendant still

**436**

hitting him, when the victim grabbed the defendant and pulled him through the apartment, despite Carlson's struggles. Osman repeatedly told Carlson to get out of the apartment. The two ended up on an overhanging back porch. Carlson pushed Osman "as hard as he could," Osman fell down next to the railing, got up and the defendant pushed him again, and as he fell over the railing, Osman grabbed Carlson. With Carlson on top, the two fell from the second story overhang. After the fall the victim Osman was unable to move. He suffered permanent neck and back injuries and is paralyzed from the arms down.

As in *State v. Applewhite*, 771 S.W.2d 865, 868 (Mo.App.1989), the defendant contends there was not sufficient evidence to submit the case to the jury. In *Applewhite*, the court affirmed where the evidence was a driver, while being pursued, drove at an excessive speed, passing cars on the wrong side, resulting in a head-on collision. This court rules likewise on the evidence produced in this case.

■ The second point attacks the introduction of photo's of the victim in various collars and braces and traction equipment. The defendant says the medical condition of the victim was not an issue, so the pictures were irrelevant and inflammatory. The defendant cites no authority supporting a declaration of an abuse of trial court discretion. The following language from *State v. Releford*, 750 S.W.2d 539, 543 (Mo. App.1988), controls disposition of this point:

"The trial court has broad discretion in determining the admissibility of photographs. *State v. Nolan*, 717 S.W.2d 573, 577 (Mo.App.1986). Even gruesome photographs may be admitted to show the jury what wounds were inflicted and what the effect of those wounds was. *State v. Weatherspoon*, 716 S.W.2d 379, 383 (Mo.App.1986). The fact that a witness has described the matters depicted in the photographs is not a valid objection. *State v. Wood*, supra [596 S.W.2d 394], at 403 [ (Mo.1980) ].

*    *    *    *    *    *

Considering the victim's injuries, the photos are surprisingly non-inflammatory.

The trial court did not abuse its discretion."

■ On a related matter, Carlson contends the testimony of the victim about his condition after the fall was irrelevant and inflammatory. He does not show an abuse of discretion on this evidentiary question. He admits the extent of the victim's injuries are generally admissible in an assault case, and that a victim can testify on this matter to prove the elements of the state's case. *State v. Phillips*, 670 S.W.2d 28, 32 (Mo.App.1984).

■ Carlson asks for a reversal for allowing an officer to testify about the "extradition of the defendant from Ohio back to the State of Missouri." He acknowledges evidence of flight from a crime scene is admissible to show a consciousness of guilt contrary to any theory of innocence. *State v. Rodden*, 728 S.W.2d 212, 219 (Mo. banc 1987). His complaint here is the state did not prove up the lapse of time from the incident and when he was apprehended from Ohio where he was being held on two charges of "aggravated trafficking." The state counters with *State v. Scott*, 687 S.W.2d 592, 593 (Mo.App.1985), which states: "[R]emoteness from the scene and time gives to the weight of the evidence and not its admissibility." On the basis of the following questioning of the officer, the court finds no reason to find reversible error:

Q. In your investigation, did you begin to look for or try to make contact with a Walter Carlson?
A. Yes, I did.
Q. And later in 1988 did you have to go somewhere to get Mr. Carlson?
A. Yes, I did.
Q. Where was that?

*    *    *    *    *    *

Q. O.K. Officer, where did you go to locate Mr. Carlson?
A. In Ohio.

■ Carlson's final point stems from the court allowing the prosecutor to file an amended information in lieu of the indictment on the day of trial to charge him as a

persistent offender as opposed to a prior offender.

This charge grew out of two pleas in Ohio on felonies mentioned in the previous point. Rule 23.08 states:

> Any information may be amended or substituted for an indictment at any time before a verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced. No such amendment or substitution shall cause delay of a trial unless the court finds that a defendant needs further time to prepare his defense by reason of such amendment or substitution.

This change did not charge a new or different offense. *State v. Rogers,* 758 S.W.2d 199, 201 (Mo.App.1988). Additionally, there is no showing by the defendant of prejudice. *State v. Robinson,* 725 S.W.2d 50, 52 (Mo.App.1987).

The judgment is affirmed.

All concur.